HENRY WIGGINS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An indictment for murder in the first degree should charge a *premeditated intent* or desire to kill, as it alone distinguishes that crime from murder in the lesser degrees.

2. The bill of exceptions should be full and sufficient, and this court will not examine the assigned errors, when the Judge certifies that it is "an imperfect bill of exceptions," not showing all the evidence.

3. Exceptions taken to the form and validity of the indictment which appears in the record will of course be considered.

4. The verdict of the jury, that they find the defendant guilty upon an indictment, not charging the murder to have been *premeditated*, will not warrant a sentence of death.

Writ of Error to the Circuit Court of Putnam county.

The facts of the case are stated in the opinion.

*W. H. Wigg* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MR. JUSTICE VAN VALKENBURG delivered the opinion of the court:

On the 12th day of November, A. D. 1885, the plaintiff in error, Henry Wiggins, was indicted for the murder of Wm. B. Porter, of Putnam county. The defendant was arraigned in the same month and entered a plea of not guilty. In April, 1886, the case was tried by a jury and defendant was found guilty.

A motion for a new trial was made upon several grounds. This motion was overruled by the court and Wiggins was sentenced to death.

From this judgment the case is brought here by writ of

error and the errors assigned are the same as those upon which the motion for new trial was overruled, save only they allege that the court erred in "sentencing defendant to death, when the verdict did not specify the degree of murder; and that the indictment is fatally defective in not following the words of the statute."

What purports to be the bill of exceptions in this case is defective and imperfect, in fact it gives no basis for action upon in this court. The Judge who signed it in his certificate says that it does not show all the evidence in the case. That there were six other very material witnesses whose testimony is not included in it, and he concludes his certificate as follows :

"I sign the imperfect bill of exceptions presented that the prisoner's attorneys may raise the points they desire to make in regard to jurors ahd confessions, should the Supreme Court consider it proper to allow the appeal without a complete statement of the evidence." Many of the errors assigned cannot be examined or passed upon on such a defective record, and we do not propose to examine them, except so far as the indictment and the errors alleged are based upon that which appears in the record."

These are in substance that the indictment is fatally defective, and that the verdict does not specify the degree of murder. In the case of Denham vs. The State, decided at the last term of this court and reported in 22d Florida, we had occasion to examine this question thoroughly. The indictment in the case under consideration is in substance the same as in that *it does not charge premeditation*, and we held in that case that our statutes made the *premeditated intent to kill* necessary to constitute murder in the first degree. The question of premeditation is a question for the jury, and it is that alone when passed upon by a jury that

warrants a conviction punishable with death. In this case the verdict of the jury was as follows: " We, the jury, find the defendant guilty." The sentence of the court was as follows: " That the said Henry Wiggins be taken to the county jail and there confined until such time as may be appointed by the Governor of the State for his execution, and that he be then hanged by the neck till he be dead."

The judgment is reversed and a new trial awarded.