NED BLUE, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

| 32 | 53 |
| 33 | 304 |
| 32 | 53 |
| 42 | 146 |
| 32 | 53 |
| 43 | 529 |
| 32 | 53 |
| d58 | 324 |

An act of February 12th, 1885, Section 2421 of the Revised Statutes, punished the offense of carrying arms secretly by imprisonment not exceeding six months, or by fine not exceeding one hundred dollars. The Circuit Court of any county where there was not a criminal court of record or a county court had exclusive original jurisdiction of all violations of such statute. The act of June 2d, 1893, Chapter 4124, amends the stated section of the Revised Statutes by making the punishment imprisonment not exceeding three months, or fine not exceeding

one hundred dollars, or both such fine and imprisonment. The effect of this amendment is to give justices of the peace, in any county where there is no criminal court of record or county court, trial jurisdictions of all violations of the statute which have occurred since its amendment, but the exclusive jurisdiction of all offenses committed prior to the amendment remains in the Circuit Court by virtue of the provision of Section 32 of Article III of the Constitution, that the repeal or amendment of a criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal or amendment.

Writ of error to the Circuit Court for Jackson county.

The facts in the case are stated in the opinion of the court.

*D. L. McKinnon* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

RANEY, C. J. :

An information charging the plaintiff in error with having, on December 27th, 1892, carried secretly and concealed about his person a pistol, was filed in Jackson Circuit Court in the month of May of the present year, and afterwards, on the 20th of June, the accused moved to quash the information on the ground that the Circuit Court had no jurisdiction to try or sentence him for the alleged offense, but that such offense was within the trial jurisdiction of a justice of the peace. The motion having been overruled, the defendant pleaded not guilty, and on the day last stated was tried by a jury who returned a verdict of guilty, and he was thereupon sentenced to pay a fine of $25, and the costs, assessed at $35.95, and in default of the payment thereof, to be imprisoned in the county

jail for sixty days from the expiration of a sentence for an assault. When the offense was committed by the accused, the Circuit Courts had exclusive original jurisdiction of all such offenses in counties where there was no criminal court of record or county court (secs. 18, 24, 25, Art. V, Constitution), and they were punishable by "imprisonment not exceeding six months, or by fine not exceeding one hundred dollars," Rev. Stat., Sec. 2421. At the late session of the Legislature, an act, Chapter 4124, revising certain sections of the Revised Statutes relating to the carrying of concealed weapons, was passed; it having been approved by the Governor June 2d, 1893, and taking effect on such approval. The only change it makes in Section 2421 of the Revision is to substitute for the quoted words, the words "by imprisonment not exceeding three months, or by fine not exceeding one hundred dollars, or by both such fine and imprisonment." The effect of this change, where there are no criminal or county courts, is to make all offenses against it in its changed condition triable before a justice of the peace, Sec. 2840, Rev. Stat., but it does not repeal or pretend to change the former statute as to offendings under it prior to such change. The old statute stands under Section 32 of Article III of the Constitution as to such offendings, and of course the Circuit Court retains its jurisdiction, there being no expressed or implied abrogation of its jurisdiction, nor any grant of jurisdiction to justices of the peace or other tribunal of such former cases. Brown vs. State, 31 Fla., 207, 12 South. Rep., 640; *Ex-parte* Pells, 28 Fla., 67, 9 South. Rep., 833. Of course we do not mean to intimate that the constitutional provision referred to, which is that "the repeal or amendment of any criminal statute shall not affect the

prosecution or punishment of any crime committed before such repeal or amendment," was intended to limit any power which the Legislature may have as to changing the jurisdiction of courts over criminal causes. No such change is attempted, as to former offendings, in the new legislation.

The judgment is affirmed.