COMMONWEALTH *vs.* JOHN KELLEY.

Middlesex.   November 25, 1895. — January 4, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Intoxicating Liquors — Further Instructions — Exceptions — Practice.*

After the jury in a criminal case had retired they returned and requested further instructions, which the judge gave, after which he read to them from a decision of this court, and then added, " As it appears that this case has been tried before and that the jury were unable to agree, the court hopes, if you conscientiously can, under the instructions given, you will be able to agree before morning." The defendant was present, but his counsel was absent, and no exception was taken at the trial.   The jury returned a verdict of guilty, and the defendant alleged exceptions.   *Held*, that the defendant was not entitled as of right to have his exceptions allowed, but, they having been allowed, there was no error of law in what was done and said by the judge.

COMPLAINT, for keeping a common nuisance, to wit, a tenement in Framingham for the illegal sale and illegal keeping of intoxicating liquor.

At the trial in the Superior Court, before *Sherman, J.*, it

appeared that the case had been tried once before, and that the jury were unable to agree.

After the jury had retired, and had been out several hours, as the court was about to adjourn for the day, they requested further instructions, which the judge gave, after which he read the remarks of Mr. Justice Hoar to the jury in *Commonwealth* v. *Tuey,* 8 Cush. 1, and the judge added, " As it appears that this case has been tried before and that the jury were unable to agree, the court hopes, if you conscientiously can, under the instructions given, you will be able to agree before morning."

The defendant was present when these remarks of the judge were made, but his counsel was not.

The next morning, after a verdict of guilty, which had been agreed upon and sealed on the preceding evening, the counsel for the defendant stated to the court that he regretted that he was not present when the court made the remarks about " agreeing before morning," and that if he had been he would have saved an exception. The judge replied, " If you think that the remark was objectionable and subject to exception, file your bill and I will allow it." The exceptions were alleged, and allowed.

*T. J. Gargan & P. M. Keating,* (*S. C. Brackett* with them,) for the defendant.

*G. A. Sanderson,* Assistant District Attorney, for the Commonwealth.

FIELD, C. J. No exception was taken at the time to the remarks of the presiding justice to the jury when they came into court to receive further instructions, and the defendant is not entitled as of right to have his objections to the remarks considered, although exceptions might have been taken on a motion for a new trial if the motion had been denied. *Kullberg* v. *O'Donnell,* 158 Mass. 405. However, exceptions having been allowed, we have examined them, and we see no error of law in what was done and said by the justice presiding at the trial.

*Exceptions overruled.*