WALTER A. SIGSBEE, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1.  The amendment of section 2463 Revised Statutes, by Chapter 4530 laws of 1897, did not deprive the State under Article III, section 32 constitution of 1885, of the right to prosecute for offences committed against the section as it originally existed before amendment, though the indictment should not be found until thereafter.
2.  A motion to quash an indictment consisting of more than one count should be denied if either count be good.
3.  A count in an indictment found under section 2463 Revised Statutes, before its amendment in 1897, Chapter 4530, alleged that the accused on a specified date, in a named county in this State, being an officer of the city of Gainesville, a municipal corporation under the laws of Florida, to-wit: clerk and treasurer, whose duty then and there required him to

receive public moneys belonging to said city, did by virtue of his said office as clerk and treasurer and while acting as such, receive and take into his possession certain moneys, the property of the said city of Gainesville, at divers times between July 7th, 1896, and April 21st, 1897, to-wit: the sum of two thousand two hundred twenty-six dollars and fourteen cents, a more particular description of which is to the grand jurors unknown, for and in the name and on account of the city of Gainesville aforesaid, and the said money so as aforesaid coming into his possession by virtue of his said office as clerk and treasurer, he then and there, on the twenty-first day of April, 1897, and in said county, fraudulently and wilfully withheld, to-wit: the sum of $2,226.14, a more particular description is to the grand jury unknown, so as to prove a defaulter to the city of Gainesville aforesaid, against the peace and dignity of the State of Florida, and contrary to the statute in such cases made and provided. *Held*, that the count was good under section 2463 Revised Statutes before it was amended in 1897, and that the offence thereby created is distinguishable as to the manner of its allegation from other offenses of embezzlement considered in the cases of Grant v. State, 35 Fla., 581, 17 South. Rep. 225, and Thalheim v. State, 38 Fla. 169, 20 South. Rep. 938.

4. Where the propriety of a charge to the jury depends upon a certain state of facts, the appellate court can not consider the correctness of the charge in the absence of the testimony; but when the charge is radically wrong under any state of facts the court may declare it error.

5. The following charge held not to be erroneous, *viz*: "the jury are admonished that there should be no mistrial in this case if it is possible for the jury to agree upon a verdict, if they can do so without violating their conscientious convictions based upon the evidence. This case has taken up a whole week of this term, and has necessarily been costly to the State and county, and has forced the postponement of other important cases. The jury should therefore lay aside pride of opinion and judgment, examine any differences of opinion there may be among them in a spirit of fairness and candor, reason together and talk over such differences and harmonize them if this be possible so that this case may be disposed of."

Writ of Error to the Circuit Court for Alachua County.

The facts of the case are stated in the opinion of the Court.

*Robt. E. Davis* and *S. Y. Finley,* for Plaintiff in Error.

*W. B. Lamar,* Attorney-General, and *Syd L. Carter,* State Attorney, for the State.

MABRY, J.

Plaintiff in error was indicted on the 23rd day of December, 1897, in the Circuit Court for Alachua county for embezzlement, the indictment containing two counts, omitting formal parts, as follows: "1st. That Walter A. Sigsbee on the twenty-first day of April, 1897, with force and arms at and in the county of Alachua aforesaid, being then and there an officer of the city of Gainesville, a municipal corporation under the laws of the State of Florida, to-wit: clerk and treasurer, did by virtue of said office as clerk and treasurer and while such officer, to-wit: clerk and treasurer, receive and take into his possession certain moneys, the property of the city of Gainesville, at divers times between the seventh day of July, 1896, and April 21st, 1897, to-wit: the sum of two thousand two hundred twenty-six dollars and fourteen cents for and in the name and on account of the city of Gainesville aforesaid, and the said money so as aforesaid coming into his possession by virtue of his said office as clerk and treasurer aforesaid he, the said Walter A. Sigsbee then and there, to-wit: on the twenty-first day of April, aforesaid, in the county and State aforesaid, did feloniously embezzle and feloniously and fraudulently convert to his own use, to-

wit: the sum of two thousand two hundred twenty-six dollars and fourteen cents, a more particular description of which is to the grand jury unknown, against the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida.

2nd. That Walter A. Sigsbee on the twenty-first day of April, 1897, in the county of Alachua aforesaid, being then and there an officer of the city of Gainesville, a municipal corporation under the laws of Florida, to-wit: clerk and treasurer, whose duty then and there required him to receive public money belonging to said city of Gainesville, did by virtue of his said office as clerk and treasurer, and while acting as such officer, to-wit: clerk and treasurer, receive and take into his possession certain moneys, the property of the said city of Gainesville, at divers times between July 7th, 1896, and April 21st, 1897, to-wit: the sum of two thousand two hundred twenty-six dollars and fourteen cents, a more particular description of which is to the grand jurors unknown, for and in the name and on account of the city of Gainesville aforesaid, and the said money so as aforesaid coming into his possession by virtue of his said office as clerk and treasurer, aforesaid, he, the said Walter A. Sigsbee, then and there, to-wit: the twenty-first day of April aforesaid, in the county and State aforesaid, did fraudulently and wilfully with-hold, to-wit: the sum of two thousand two hundred twenty-six dollars and fourteen cents, a more particular description of which is to the grand jury unknown, so as to prove a defaulter to the city of Gainesville aforesaid, against the peace and dignity of the State of Florida and contrary to the statutes in such cases made and provided.

There appears in the transcript a bill of particulars filed under the indictment by the State Attorney, and it

is stated therein that it was demanded by the defendant. The bill consists of a statement of an account of Walter A. Sigsbee as clerk and treasurer of the city of Gainesville from July, 1896, to October 13th, 1897. Subsequently defendant filed motions to quash the indictment on grounds to be hereinafter stated so far as they are relied on here. The motions were denied, and upon arraignment the defendant was found guilty generally. by the jury. Motions for a new trial and in arrest of judgment were overruled and the sentence of the law imposed upon defendant.

The grounds of the motion in arrest of judgment not included in the motion for new trial are: 1. That the indictment charged defendant with a violation of section 2463 Revised Statutes after said section had been repealed.

2. That at the time defendant was indicted there was no law in Florida against embezzlement by a municipal officer except Chapter 4530 laws of 1897, which was passed after the time of the alleged offence by the defendant, and as to it would be *ex post facto*. The legislature amended section 2463, under which the indictment was found in this case, in 1897 by Chapter 4530, and the amendatory act declares all laws in conflict with it to be repealed. The amendment does not profess to operate retroactively, or to take away the right of the State to prosecute for a violation of section 2463 before it was amended. The general rule is that in the absence of a saving clause the repeal of a criminal statute carries with it all pending prosecutions thereunder, as well as the right to institute such proceedings. The mischief resulting from repeals without saving the right to prosecute for crimes actually committed became so glaring (Ex

parte Pells, 28 Fla. 67, 9 South. Rep. 833), that the framers of the amended constitution of 1885 inserted therein the following clause, *viz*: "The repeal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal or amendment." Art. III, sec. 32. A prosecution is defined to be "the means adopted to bring a supposed offender to justice and punishment by due course of law." 2 Bouv. L. Dic. Rawle's Revision, 784.

In speaking of the effect of section 32 Article III, constitution of 1885, on repealed criminal statutes it is said in Raines v. State, 42 Fla. 141, 28 South. Rep. 57, that it was "to give to all criminal legislation a prospective effectiveness; that is to say, the repeal or amendment, by subsequent legislation, of a pre-existing criminal statute, does not become effective, either as a repeal or as amendment of such pre-existing statute, in so far as offences are concerned that have been already committed prior to the taking effect of such repealing or amending law." This was in harmony with previous views expressed by this court in the cases of Blue v. State, 32 Fla. 53, 13 South. Rep. 637, and Reynolds v. State, 33 Fla. 301, 14 South. Rep. 723. It is conceded that if the indictment had been found under section 2463 before it was amended, the decisions referred to would be conclusive against the contention made, but as the State had not indicted the defendant when Chapter 4530 was enacted it is insisted that a different result should follow. The amendment in 1897 was not retroactive in terms and can only be applied to cases arising under it subsequently to its taking effect. All criminal offences occurring under the former law prior to its amendment must be governed by that law whether a prosecution was commenced before

or after the repeal. The language of the constitution is broad enough to have such scope, and such a construction accords, in our judgment, with the spirit and intent of the provision. The motion in arrest was properly denied on the grounds stated.

It is specified in the motion to quash that the indictment does not sufficiently allege that the defendant was a public officer, nor is the ownership of the money alleged to have been embezzled clearly stated. The statute, section 2463 Revised Statutes, provides that "if any State, county or municipal officer embezzles or fraudulently converts to his own use, or fraudulently takes and secrets with intent so to do any effects or property belonging to or in possession of the State, county, city or town, or if any such officer whose duty requires him to receive public money or property, or the money or property of another, shall fraudulently use, conceal or wilfully withhold any of said money or property so as to prove a defaulter, he shall be punished by imprisonment in the State prison not exceeding twenty years, and by fine not exceeding five thousand dollars. This section shall apply to any deputy, clerk or employe in any State, county or municipal office and to all school officers." It is sufficiently alleged that defendant was clerk and treasurer of the city of Gainesville, a municipal corporation existing under the laws of the State of Florida, and that the money which it is alleged he embezzled was the property of the city of Gainesville. Defendant could legally hold the office of clerk and treasurer of the city of Gainesville under the laws of this State and the ownership of the money is sufficiently stated. No special defects in the indictment in the particulars mentioned are pointed out

to us and we discover none. In our judgment there was no error in refusing to quash the indictment because of the objections stated.

Other grounds of the motion to quash the indictment specify that the first charges embezzlement and fraudulent conversion by defendant in general terms, and fails to specify any particulars of such embezzlement or fraudulent conversion, and that the second count fails to specify the particulars of the fraudulent and wilful withholding of money by the defendant. It is also specified that the indictment is vague, indefinite and uncertain, and charges no offence under the laws of Florida. The crime of embezzlement is statutory and has its origin in the necessity found to exist of providing for cases not embraced in the law relating to larceny and which were of equal turpitude with that offence. The early statutes on the subject in England and this country generally defined the offence of embezzlement and declared that the person committing it should be deemed guilty of larceny, or punished as if he had committed the crime of larceny. In construing such statutes the courts held, as a general rule, that the indictment should describe the property embezzled, and allege ownership and value as as in cases of larceny. This conduced to great particularity of allegation and in many cases coming within the intent of the statute serious difficulty was encountered in alleging and proving the particulars as to the money or property coming into the hands of an agent, or one occupying a fiduciary relation. To obviate this difficulty statutes have in many instances been passed providing that it should be sufficient to allege generally in such indictments the embezzlement, fraudulent conversion or taking with such intent, of any money to a certain amount,

without specifying any particulars of such embezzlement, and on the trial, evidence may be given of any such embezzlement, fraudulent conversion or taking with such intent, committed within a certain time next after that stated in the indictment. We have such a statutory provision embodied in section 2897 Revised Statutes, but it does not in terms embrace prosecutions of public officers under section 2463, and we do not think it can be held to apply to such prosecutions.

There is copied into the transcript what purports to be a bill of particulars under the indictment, but it can not be considered a part thereof in determining its sufficiency. We must, therefore, test the indictment independent of the bill of particulars and without the aid of the provisions found in section 2897. If we apply the rules of criminal pleading stated in the cases of Grant v. State, 35 Fla. 581, 17 South. Rep. 225, and Thalheim v. State, 38 Fla. 169, 20 South. Rep. 938 (which were proper under statutes then construed), to the allegations in indictments under section 2463, the one before us would not stand the test. It will be seen by reading the decisions mentioned that they construed sections of the Revised Statutes defining embezzlements and declaring that the persons committing them should be punished as if they had been convicted of larceny, and it was held that, as a general rule, under such statutes, the indictment should describe the property embezzled with the same particularity as is required in an indictment for larceny, especially so where the punishment for larceny was graded according to the value of the property stolen. It will be observed that section 2463 has no reference to the punishment as in cases of larceny and the value of the money or property embezzeled has nothing whatever to do

with the character or grade of the offence. This section
was intended to provide for offences by public officers that
were not embraced in the other provisions of our statutes
·on the subject of embezzlement.    The necessity for a
general statement in reference to the particulars of des-
cription in cases of embezzlement by public officers exist
to a greater degree than in cases of embezzlements by
private individuals.    Some officers are required to
receive public moneys on various accounts, and it is quite
apparent that in many instances it would be impossible
for the State to designate and prove the particular money
embezzled.    There is a line of decisions holding that
where statutes make it embezzlement for public officers
to misappropriate moneys coming into their possession
by virtue of their official positions it is not necessary to
set forth the partcular kind of moneys embezzled, or to
identify them by specifying the source from which they
were received.  These decisions proceed upon the theory
that the offence is created by statute and it is only nec-
essary to allege what the legislature evidently intended
should constitute the offence without following the parti-
cularity required in larceny, or cases of embezzlement
declared to be larceny, or punished as in such cases.
Where public funds held by public officers constantly
change, and the public has no direct personal possession
or oversight over them, and where it would ordinarily be
impracticable, if not impossible, to identify and pursue
the particular kind of money embezzled, it is held that
such particularity should not be given in allegeing the
offence defined by the statute.   The leading case is
People v. McKinney, 10 Mich. 54, and it has received
the approval of the Supreme Court of the United States
in the case of Moore v. United States, 160 U. S. 268, 16

Sup. Ct. Rep. 294. See, also, State v. Smith, 13 Kan. 274; State v. Carick, 16 Nev. 120; State v. Munch, 22 Minn. 67. We think it entirely proper that the rule applied in the cases cited should be followed in indictments against public officers under section 2463 of the Revised Statutes as it stood before it was amended charging the embezzlement of money, and under this rule the indictment was sufficient under the objections considered. The motions were to quash the indictment and if either count is good they were properly overruled. We may observe that the verdict in this case was general, and as the testimony has not been brought up by bill of exceptions, no question is presented as to the relevancy of testimony under either count.

The statute provides that if any such officer, that is, any State, county or municipal officer, whose duty requires him to receive public money or property, or the money or property of another, shall fraudulently use, conceal or wilfuly withhod any of said money or property so as to prove a defaulter, he shall be punished, &c. The second count of the indictment sufficiently charges the receipt of public money by defendant in his capaity of a public officer to the amount of two thousand two hundred and twenty-six dollars and fourteen cents, and that while such officer he fraudulently and wilfully withheld the same so as to prove a defaulter. A more particular description of the money is alleged to be unknown to the grand jury, and in view of the rule above announced in reference to going into particulars on indictments against public officers for fraudulently converting or withholding public money in their hands, we are constrained to hold that the description of the money in the second count of the indictment is sufficient. The money alleged to be embezzled is stated

to be so many dollars and cents, but there is no specific allegation that it was of the value of so many dollars. The rule in larceny, except in cases where a statute makes it a crime to steal specific articles, as in case of domestic animals, is to allege the value of property stolen, and where embezzlement is made punishable as if the accused had been convicted of larceny the same rule will obtain. Grant v. State, and Thalheim v. State, *supra*. There are cases following the rule in larceny cases, to the effect that value when money is alleged to have been embezzled must be stated in the indictment, but where the value has nothing to do with fixing the character of the offence or the punishment to be imposed, it seems to us to be going beyond the verge of technicality to hold that an indictment for the embezzlement of two thousand two hundred and twenty-six dollars and fourteen cents does not allege any value of the money embezzled. What is said covers the objections urged here against the sufficiency of the indictment, and we are of opinion that the court did not err in overruling the motions to quash it, as the second count at least was good.

Another error assigned is that the court erred in instucting the jury as follows, *viz* : "The jury are admonished that there should be no mistrial in this case if it be possible for the jury to agree upon a verdict, if they can do so without violating their conscientious convictions based on the evidence. This case has taken up a whole week of this term, and has necessarily been costly to the State and county, and has forced the postponement of other important cases. The jury should therefore lay aside pride of opinion and judgment, examine any differences of opinion there may be among them in a spirit of fairness and candor, reason together and talk over such

differences and harmonize them if this be possible so that
this case may be disposed of." Where the correctness of
a charge depends upon a certain state of facts, we can
not pass upon it in the absence of the facts. Where, how-
ever, a charge is radically wrong under any state of facts
admissible in a case, there would be no objection to its con-
sideration and it would be the duty of this court to declare
it error. The portion of the charge excepted to contains
an admonition to the jury in reference to finding a ver-
dict by them. It does not in any way intimate how the
jury should decide the case on the evidence, or evince any
views of the court as to how the case should be decided.
Under our system, secured by statute, the trial court is
forbidden to throw the weight of its opinion to any
extent into the scales with which the jury weigh the
evidence submitted to them, and to do so would necessi-
tate a reversal. We are unable to see from the charge
mentioned that the jury could have been influenced to find
a verdict contrary to their views of the evidence. That
the jury should agree upon a verdict, if possible to do so
without violation of their conscientious convictions based
on the evidence, is true as matter of legal duty, and it is
also true that the jurors should confer with each other in
a spirit of candor and fairness, and in doing so should
lay aside pride of opinion and harmonize differences if
this can be done. The reference to the time that the case
had consumed and the cost to the State and county should
not have influenced in any degree the judgment of the
jury on the facts in evidence. We can not see that the
defendant was injured by the charge, and therefore hold
that there was no error in giving it. State v. Pierce, 136
Mo. 34, 37 S. W. Rep. 815; State v. Hawkins, 18 Ore-
gon, 476, 23 Pac. Rep. 475; State v. Gorham, 67 Vt. 365,

31 Atl. Rep. 845; Commonwealth v. Kelley, 165 Mass. 175, 42 N. E. Rep. 573; Jackson v. State, 91 Wis. 253, 64 N. W. Rep. 838; Frandsen v. C., R. I. & P. R. Co. 36 Iowa 372; Warlick v. Plonk, 103 N. C. 81, 9 S. E. Rep. 190.

The refusal to give certain requests to charge the jury on behalf of defendant are assigned as error and we have examined them. In the absence of the testimony we can not determine the propriety of some of the requests, others are fully covered by charges given in the case, and some contain incorrect abstract statements of the law. None of the requests, for the reasons stated, will authorize this court to reverse the judgment.

Another objection earnestly urged here is that the record fails to show that the jury was selected or elected as provided by law. The record entry is: "Whereupon a jury was called and there came (six named persons) who were duly empanelled and sworn to well and truly try the issue between the State of Florida and the defendant according to the evidence." Section 2937 Revised Statutes provides that "no irregularity in any writ of *venire facias,* or in the drawing, summoning or empanelling of petit jurors, shall be sufficient to set aside a verdict, unless the party making the objection was injured by the irregularity, or unless the objection was made before the returning of the verdict." No objection whatever was made to the selection of the jury in the present case in the Circuit Court, and it is presented for the first time by the assignment of errors. Without deciding that the record entry is insufficient in reference to the selection of the jury, we hold that in the absence of any such objection in the lower court before verdict, and in the absence of any showing that defendant was injured

in any way by reason of the alleged objection, it is too late to insist on it in the appellate court. Green v. State, 17 Fla. 669.

The assignments of error based on alleged objections to the admission and rejection of evidence, and the refusal of the court to continue the case can not, of course, be considered in the absence of the testimony upon which the rulings were made.

The judgment will be affirmed, and it will be so ordered.