JESSE ALBRITTON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. Special Rule 6 of the Supreme Court Rules provides that in all writs of error brought to the supreme court in criminal and *habeas corpus* cases, the bills of exceptions and transcripts of the record may be made up, settled and certified, either in accordance with Special Rules 1, 2 and 3 of the rules adopted March 2nd, 1905, or in compliance with the provisions of Rule 103 for the government of the circuit courts in common law actions, adopted in 1873. One or the other of these two methods or modes of making up and authenticating bills of exceptions and transcripts of records may be adopted and pursued by parties or their counsel in bringing such causes to this court, but the two methods should not be confused or blended.

2. It must be presumed that the judgment of a circuit court is supported by evidence adduced at the trial, and where a judgment is assailed on the ground that the verdict upon which the judgment was rendered is not sustained by the evidence, the entire evidence must be brought to the appellate court in the manner prescribed by law and the rules of court. Otherwise errors assigned on the insufficiency of the evidence to sustain the verdict will not be considered by the appellate court.

3. Where the bill of exceptions and transcript of the record in a criminal cause brought to the supreme court on writ of error are made up and authenticated in partial compliance with Special Rules 1, 2 and 3 of the Supreme Court Rules adopted March 2nd, 1905, and the provision of Special Rule 3 that "If all the evidence is contained in the bill of exceptions there shall be inserted just above the signature of the judge the following certificate: 'I do hereby certify that the foregoing bill of exceptions contains all the evidence intro-

duced at the trial in the above stated cause,'" has not been in any way complied with, assignments of error based on the insufficiency of the evidence to support the verdict are not properly presented for consideration.

4. Where the bill of exceptions and transcript of the record in a criminal cause brought to the supreme court on writ of error are made up and authenticated in partial compliance with Special Rules 1, 2 and 3 of the Supreme Court Rules adopted March 2, 1905, and the provision of Special Rule 3 that: "If any assigment of error is predicated upon a charge given or refused, all the charges given at the trial shall be inserted in the bill of exceptions." has not been complied with, and it affirmatively appears that all the charges given at the trial are not included in the transcript, assignments of error predicated upon the giving or refusal to give charges may not be considered, unless perhaps charges shown to have been given, excepted to and assigned as error would not be correct under any circumstances. Where under such circumstances the charges given or refused and assigned as error relate to a higher offence than that found by the verdict, and the charges given do not appear to be abstractly erroneous, the assignments fail.

5. While verdicts in criminal cases should be certain and import a definite meaning free from ambiguity, yet they should be considered with reference to the indictment and the entire record, and any words which convey beyond a reasonable doubt the meaning and intention of the jury are sufficient, and all fair intendments will be made to support the verdicts.

This case was decided by Division A.

Writ of Error to the Circuit Court for Taylor county.

The facts in the case are stated in the opinion of the court.

*D. M. Gornto* (with whom was *G. M. Gornto* on the brief), for plaintiff in error.

*W. H. Ellis,* Attorney General, for the state.

WHITFIELD, J.—The plaintiff in error was convicted in the circuit court for Taylor county of the crime of assault with intent to commit murder, and upon writ of error assigns as errors charges given and refused, and the overruling of a motion for new trial.   The grounds of the motion for new trial are that the verdict is contrary to law, contrary to the evidence and against the law and the evidence, and that the court erred in giving and in refusing to give charges.

It appears affirmatively by the record that all the charges given at the trial are not contained in the transcript brought here.   There is no certificate of the trial judge in the bill of exceptions that it contains all the evidence adduced at the trial, and the certified transcript does not purport to contain a true copy of all the proceedings in the case.

Special Rule 6 of the Supreme Court Rules, adopted March 2, 1905, provides. that:   "In all writs of error brought to the Supreme Court in criminal and *habeas corpus* cases, the bills of exceptions and transcripts of the record may be made up, settled and certified, either in accordance with Special Rules 1, 2 and 3 of these rules, or in compliance with the provisions of Rule 103 for the government of circuit courts in common law actions, adopted at the April term of the supreme court, A. D. 1873."   See 51 Fla. 33, 37 South. Rep. 14.

The modes of procedure prescribed by Rule 103 of 1873, and Special Rules 1, 2 and 3 of 1905, should not be blended, but one or the other of such modes should be selected and followed in making up and authenticating bills of exceptions and transcripts of record for the appellate court.   See Clinton v. State, 53 Fla. 98, 43 South. Rep. 312.

Special Rule 1 of 1905, provides that: "If the bill

of exceptions contains all the evidence introduced at the trial, the judge shall so certify in the bill. In the absence of such certificate the bill will be treated and taken as one not embracing all the evidence."

The bill of exceptions and transcript of the record in this case appear to have been made up, settled and certified in partial compliance with Special Rules 1, 2 and 3 of the Supreme Court Rules adopted March 2, 1905, and not in compliance with the provisions of Rule 103 adopted in 1873.

Special Rule 3 provides that: "If any assignment of error is predicated upon a charge given or refused, all the charges given at the trial shall be inserted in the bill of exceptions;" and also that "If all the evidence is contained in the bill of exceptions there shall be inserted just above the signature of the judge the following certificate: 'I do hereby certify that the foregoing bill of exceptions contains all the evidence introduced at the trial in the above stated cause.' "

If the bill of exceptions and transcript of the record brought to the appellate court are prepared and authenticated in compliance with the provisions of Rule 103 of 1873, and it appears that all of the evidence introduced at the trial is not included in the bill of exceptions, assignments of error based upon the insufficiency of the evidence to support the verdict will not be considered by the appellate court. See Robinson v. Hartridge, 13 Fla. 501; Reed v. State, 16 Fla. 564; Wiggins v. State, 23 Fla. 180, 1 South. Rep. 693; Marshall v. State 32 Fla. 462, 14 South, Rep. 92; Pickett v. Bryan, 34 Fla. 38, 15 South. Rep. 681; Holland v. State, 39 Fla. 178, 22 South. Rep. 298. If the bill of exceptions and transcript of the record are prepared and authenticated in compliance with Special Rules 1, 2 and 3 of 1905, and there is no certificate of the trial judge that the bill of excep-

tions embraces all the evidence introduced at the trial, the bill of exceptions by the terms of Special Rule 1 will be treated and taken as one not embracing all the evidence. In such case assignments of error based upon the insufficiency of the evidence to sustain the verdict will not be considered.

It must be presumed that the judgment of a circuit court is supported by evidence adduced at the trial, and where a judgment is assailed on the ground that the verdict upon which the judgment was rendered is not sustained by the evidence, the entire evidence must be brought to the appellate court in the manner prescribed by law and the rules of court. Otherwise errors assigned on the insufficiency of the evidence to sustain the verdict will not be considered by the appellate court. See Marshall v. State, 32 Fla. 462, 14 South. Rep. 92; Clements v. State, 51 Fla. 6, 40 South. Rep. 432.

There is nothing in the transcript here to indicate that it contains all the evidence introduced at the trial. The certificate of the clerk is under the rules of 1905, and covers only a true copy of the record of the judgment and of such papers and proceedings that have been directed to be included in the transcript by the written demands of the parties to the cause. The written directions for making up this transcript require that the bill of exceptions be included in the transcript, but the bill of exceptions does not state in any way that it contains all the evidence introduced at the trial. The certificate of the clerk required by rule 103 adopted in 1873, should state that the record sent here upon writ of errror constitutes a true copy of all of the proceedings and a correct transcript of the record of the judgment in the case. No such certificate is attached to the transcript in this case.

As it affirmatively appears that all the charges given at the trial are not included in the transcript brought

here, and as the bill of exceptions and transcript were brought up under the Special Rules of 1905, and there is no certificate or other evidence that the bill of exceptions contains all the evidence introduced at the trial, assignments of error based on the insufficiency of the evidence may not be considered; and assignments of error based on the giving or refusal to give charges may not be considered unless perhaps charges shown to have been given, excepted to and assigned as error would not be correct under any circumstances. See Andrews v. State, 21 Fla. 598; Reynolds v. State, 34 Fla. 175, 16 South. Rep. 78; Sigsbee v. State, 43 Fla. 524, text 536, 30 South. Rep. 816; Lane v. State, 44 Fla. 105, 32 South. Rep. 896. The charges given or refused and assigned as error relate to aggravated assault and to assault with intent to commit manslaughter, while the conviction is of assault with intent to commit murder which is a higher offense. As there is nothing in the charges to mislead the jury, error if any in such charges would be immaterial. Jordan v. State, 50 Fla. 94, 39 South. Rep. 155; Marlow v. State, 49 Fla. 7, 38 South. Rep. 653. The charges given do not appear to be abstractly erroneous.

Even if the assignment of error based on the alleged insufficiency of the evidence to sustain the verdict be considered when it does not appear that all the evidence is before the court, there is in the transcript sufficient evidence to sustain the verdict.

The denial of the motion for new trial is assigned as error. One of the grounds of the motion is that the verdict is contrary to law. The verdict is: "We, the jurors, find the defendant guilty of an assault and intent to commit murder." It is argued the word "and" before word "intent" in the verdict makes the verdict one of simple assault, and that a judgment and sentence for an assault with intent to commit murder

based on such verdict is erroneous. Conceding only for the purposes of this case that the question is properly presented (see Harris v. State, 53 Fla. 37, 43 South. Rep. 311), it is clear from the whole verdict as rendered, taken in connection with the indictment, that the true meaning of the verdict is that the defendant is found guilty of an assault to commit murder. While verdicts in criminal cases should be certain and import a definite meaning free from ambiguity, yet they should be considered with reference to the indictment and the entire record, and any words which convey beyond a reasonable doubt the meaning and intention of the jury are sufficient, and all fair intendments will be made to support the verdict. Long v. State, 42 Fla. 612, 28 South. Rep. 855; Johnson v. State, 51 Fla. 44, 40 South. Rep. 678; 12 Cyc. 689; 22 Ency. Pl. & Pr., 903; State v. Wilson, 40 La. Ann. 751, 5 South. Rep. 52.

Although the transcript in this case has not been properly prepared for the consideration of all the errors assigned, careful attention has been given to the record and no reversible errors are made to appear.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.