25 N.Y.2d 430 (1969)
In the Matter of the City of New York, Acting For and On Behalf of the New York City Housing Authority, Respondent, Relative to Acquiring Title to Real Property Within the Area Bounded by Dyre Avenue and Other Streets, in the Borough of The Bronx, Duly Selected as a Site for a Federally-Aided Public Housing Project Known as Boston-Secor Houses. Peninnah E. Rusciano et al., Appellants.
Court of Appeals of the State of New York.
Argued September 30, 1969.
Decided December 3, 1969.
John Trubin and David R. Paley for appellants.
J. Lee Rankin, Corporation Counsel (Irving Genn and Stanley Buchsbaum of counsel), for respondent.
Chief Judge FULD and Judges BURKE, SCILEPPI and BREITEL concur with Judge GIBSON; Judge BERGAN dissents and votes to affirm in a separate opinion in which Judge JASEN concurs.
*432 GIBSON, J.
A decree granted at Special Term in Bronx County awarded $883,754 for the appropriation by the City of New York of 554,779 square feet of land for purposes of the New York City Housing Authority. On review, the Appellate Division reduced the award to $467,000 and the claimants appealed to this court.
We find that the reduction of the award was unwarranted and that the decision of the Special Term was conformable with the weight of evidence. (Matter of City of New York [Coogan], 20 N Y 2d 618, 623.)
Although conceding, as, indeed, the condemnor itself had done, the marked increase in values subsequent to the condemnee's purchase, the Appellate Division found the "most cogent evidence of value" to be the purchase price; and then, after approving the Special Term's finding that the sales in evidence were not truly comparable, proceeded nevertheless to measure damages by applying to the purchase price the rate of assessment increase  approximately 250%  proven with respect to these very same properties. Additionally, and while it thus, in its words, "gauged" the increase in value, the court at the same time ignored the approximately 413% rate of increase applicable to the bulk of the subject property itself. The error lies, first, in the obvious built-in inconsistencies, and, second, in the near-total reliance placed upon assessment figures as demonstrative of market value. Assessed valuation may, of course, be shown as one of many recognized factors to be considered in connection with market value, which is the ultimate and basic factor, but it is not market value. Assessment figures may also be offered as tending to bind the condemning authority when it is seeking to impose values that are lower (Matter of City of New York [Coogan], 20 N Y 2d 618, 627, supra); but it does not follow that the condemning authority can set market value by the assessments it chooses to impose (see 1 Orgel, Valuation Under Eminent Domain [2d ed.], ch. XIII, especially § 152, at p. 641).
The order so far as appealed from should be reversed and the decree of Special Term reinstated as to Damage Parcel No. 1, with costs.
BERGAN, J. (dissenting).
The main difficulty with the award of $883,754 made at Special Term is, as the Appellate Division *433 noted, that it would exceed any appraisal of unit land value in the record.
The Appellate Division did not set forth its land unit values, but the result reached, $467,000, was consistent with a calculation based on $2.50 a square foot for the land in the manufacturing zone, and $.75 a square foot for the area in the residential zone.
The respondent city demonstrates mathematically in its argument here the consistency between the record in these respects and the Appellate Division.
This is in addition to the "most cogent" evidence of value considered by the Appellate Division  the purchase price of $165,000 three and a half years before condemnation. To restore, as the court is doing on the weight of evidence, an award of $883,754 gives the owners a 500% increase through a public condemnation in a very short period.
Values have gone up, as the record shows, by about 250%. They have not gone up twice that amount and the weight of evidence lies with the decision at the Appellate Division.
The order should be affirmed.
Order reversed, etc.