JOHNSON, Judge.
The appellants seek reversal of a final judgment in condemnation in which they were awarded $5,400.00 for property condemned by appellee.
The only issue involved in this appeal is whether, under the particular facts of this case, the trial court erred in refusing to permit evidence of the tax assessment of appellants’ property. We find that there was prejudicial error and that appellants are entitled to a new trial.
During the jury trial, the appellee City called Mr. Stewart Steeg, a former employee of the tax assessor for the appellee City, as an expert witness. Mr. Steeg testified that, in his opinion, the value of the appellants’ property was $5,400.00. On cross-examination, appellants sought to elicit testimony from Mr. Steeg to the effect that the appellee, being the condemning authority, had appraised the subject property for tax purposes and has assessed it for a sum greatly in excess of the valuation testified to by Mr. Steeg. The City objected to such cross-examination upon the ground that said evidence was immaterial in that tax assessments are not admissible in condemnation proceedings. The appellants agreed with that statement of the law, but contended thav the evidence sought to be elicited was entitled to be considered by the jury as an admission against interest. The trial court sustained the City’s objection and held that such evidence did not constitute an admission against interest. Appellants proffered into evidence a tax receipt and a real estate valuation notice revealing that the subject property had been assessed and valued at $11,000.00 for the calendar years 1971 and 1972. The proffered exhibits were rejected by the court.
While Florida courts have never passed squarely on the issue here involved, other jurisdictions have held that evidence of assessment valuation is admissible as a declaration against interest or as one of the factors to be considered in connection with market value where the condemning au *386 thority and the taxing unit are one and the same entity. City of Detroit v. Cristy, 316 Mich. 215, 25 N.W.2d 174 (1946); Louisiana Highway Comm’n v. Giaccone, 19 La.App. 446, 140 So. 286 (1932); In re Boston-Secor Houses, 25 N.Y.2d 430, 306 N.Y.S.2d 918, 255 N.E.2d 156 (1969). We think that to be a sound rule of law. Here, the consolidated City of Jacksonville is the same legal entity which made the valuation for tax assessment and which is now exercising its power of eminent domain over the same property. Evidence of the tax assessment was offered not as conclusive evidence of the fair market value of the land involved, but as an admission against interest of the condemning authority. For this reason, the cases cited by ap-pellee are inapplicable herein. Said cases involved situations where the assessing authority was a separate and distinct entity from the condemning authority; or where evidence of prior tax assessments were offered as conclusive evidence of the market value of the land; or where said evidence was offered by the condemnor itself.
In conclusion, it is our holding that where, as here, the condemning authority is the same legal entity which assesses the subject property for the purposes of taxation, and when the condemning authority relies on the testimony of its expert witness who testifies that the fair market value is only about one .half of the amount for which the condemning authority assessed the same property for taxes for the current year, the assessment figures should be available to the jury, at least as an admission against interest of the condemning authority. To exclude such assessments is reversible error requiring a new trial.
Appellants have petitioned this Court for attorneys’ fees for services rendered in connection with this appeal. Inasmuch as this cause is to be remanded for a new trial, we defer ruling on said petition so that the trial judge, after the new trial, may fix attorneys’ fees, taking into consideration the services rendered by the appellants’ attorneys in this appeal.
For the reasons stated above, the judgment appealed herein is reversed and the cause is remanded for a new trial.
SPECTOR, C. J., and RAWLS, J., concur.