ON PETITION FOR REHEARING
McCORD, Judge.
By our previous opinion in this appeal, we reversed appellant’s conviction and sentence for possession of cannabis with intent to sell same, holding that we found no evidence to support the charge that appellant’s possession was with intent to' sell. We then indulged in a discussion of the respective duties of an appellant and an ap-pellee in relation to bringing before this court a record sufficient for our review of the alleged errors in the court below.
Appellee’s petition for rehearing calls our attention to the fact that appellant initially, by assignment of error, only contested the trial court’s upholding the validity of the search and permitting introduction into evidence of the seized contraband. Directions *827 to the Clerk on this assignment of error were filed on the same date and did not include directions for preparation of the trial testimony. Appellant then, on the next day, filed an amended assignment of error stating that the trial court “erred in denying defendant’s Motion for Directed Verdict at the close of all evidence on the grounds of insufficiency of evidence to convict defendant of the crimes charged.” Appellant then did not file any additional instructions to the Clerk, and we do not have a complete transcript of the trial testimony.
The Supreme Court in the early case, Albritton v. State, 54 Fla. 6, 44 So. 745 (1907), said:
“It must be presumed that the judgment of a circuit court is supported by evidence adduced at the trial, and, where a judgment is assailed on the ground that the verdict upon which the judgment was rendered is not sustained by the evidence, the entire evidence must be brought to the appellate court in the manner prescribed by law and the rules of court. Otherwise errors assigned on the insufficiency of the evidence to sustain the verdict will not be considered by the appellate court.”
We have been unable to find that there has been any change in the law as stated in Albritton. Where appellant contends that the evidence at the close of the case is insufficient to support his conviction and that his motion for directed verdict should have been granted, he must bring all of the evidence to the appellate court. We cannot determine insufficiency of the evidence to support the conviction without considering the transcript of testimony and such exhibits as are material to the question. We suggest to counsel, however, that in order to minimize the size and cost of such a record, they stipulate that certain parts which they can agree are immaterial to the determination not be included.
Appellant not having presented to us a record sufficient for us to determine that the evidence was insufficient to support his conviction, we recede from our previous reversal of appellant’s conviction for unlawful possession of cannabis with intent to sell same. Appellant’s convictions on both counts of the two count information are AFFIRMED.
MILLS, J., concurs.
BOYER, C. J., dissents.