Memorandum. The order of the Appellate Division should be reversed and the decree of Special Term reinstated. The trial court granted a condemnation award which exceeded the *1058 combined assessed valuation of the condemned land and its improvements. However, the Appellate Division, determining that the portion of the award attributable to land alone was $2,100 less than the land’s assessed valuation, increased the total award by the amount of that deficiency. This adjustment, based solely on a difference between the award and the assessed valuation, was improper. The "ultimate and basic” test for establishing the amount of a condemnation award is always market value. (Matter of City of New York [Boston-Secor Houses—Rusciano], 25 NY2d 430, 432.) Assessed valuation is "one of many recognized factors to be considered in connection with market value” (Matter of City of New York [Boston-Secor Houses—Rusciano] supra, at p 432), but it is not, by itself, controlling. Its weight is properly determined in light of all the facts and circumstances of the particular case. Claimant’s cross appeal from a modification in its favor should be dismissed as it is not "aggrieved by the modification”. (CPLR 5601, subd a.)
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
On the appeal by the City of New York: Order reversed, without costs, and the decree of Supreme Court, New York County, reinstated.
On the appeal by claimant 57 Columbia, Inc.: Appeal dismissed, without costs.