PER CURIAM.
The Kirkpatricks appeal a final judgment entered in their favor following an inverse condemnation action by them against the City. They raise several points, only one of which warrants special consideration, pertaining to the lower court's alleged error by refusing to allow them to introduce into evidence the assessed value of their property for tax purposes to rebut the City’s expert testimony as to its value, relying upon Trad v. City of Jacksonville, 279 So.2d 384 (Fla. 1st DCA 1973), which held tax assessments are admissible into evidence as admissions against interest of the condemning authority. We do not consider the point well taken. Trad dealt with a total taking so that the property assessment was relevant in considering the value of the entire parcel, including both land and improvements. Here the jury had for its consideration only the value of improvements, and the tax assessment was not broken down as to the value of both the land and the buildings.
Additionally we do not have before us the transcription of the trial proceedings. The only transcript included within the record pertains to the hearing following trial as to the amount of attorney fees to be awarded. Consequently we have no way of discovering from the record the specific reason why the trial court disallowed the proffered exhibit. It has been held in countless cases that an appellant may not present an error for appellate consideration on an incomplete record if the omitted matter might affect the determination of the error *546 by the reviewing court. E. g., Hodge v. State, 29 Fla. 500,10 So. 556 (1892); Albritton v. State, 54 Fla. 6, 44 So. 745 (1907); Nelson v. State, 85 So.2d 832 (Fla.1956).
AFFIRMED.
MILLS and ERVIN, JJ., concur.
BOYER, Acting C. J., concurring specially-