NEW CASTLE COUNTY, a political sub-division of the State of Delaware, Plaintiff below, Appellant and Cross-Appellee,

v.

16.89 ACRES OF LAND, MORE OR LESS, SITUATE IN BRANDYWINE HUNDRED, NEW CASTLE COUNTY, Delaware, Donald S. Gaster and Mary Ann Gaster, his wife, Delaware Trust Company, a corporation of the State of Delaware, John W. Allen and Mildred H. Allen, his wife, James C. Elliott, t/a J. C. Elliott and Son, Co., WITCO Corp., a New York Corporation, B & P Motor Express, Inc., a corporation of the State of Delaware, Farmers Bank of the State of Delaware, New Castle County, Defendants below, Appellees and Cross-Appellants.

Supreme Court of Delaware.

Submitted May 25, 1979.

Decided June 6, 1979.

Catherine S. Mulholland, New Castle County Dept. of Law, Wilmington, for plaintiff-appellant.

Daniel L. Twer, of Levin, Spiller & Twer, Wilmington, for defendants-appellees.

Before McNEILLY, QUILLEN and HORSEY, Justices.

QUILLEN, Justice:

Four questions are presented by this appeal. The first two are whether or not the Trial Court erred in permitting evidence as to the reasonable probability of rezoning and evidence as to the assessed valuation of the real estate.

■ The Court below did not err in allowing testimony as to the reasonable probability of rezoning. In *0.040 Acres of Land v. State*, Del.Supr., 198 A.2d 7, 8 (1964), this Court said:

> "Thus, where land is not available for a particular use because of a zoning ordinance, but there is a reasonable probability that the prohibition or restriction will be modified or removed in the near future, then the effect of such probability upon the value of the property may be taken into consideration in arriving at market value."

The question of whether or not there was a reasonable probability for rezoning was one for the Commissioners. There was competent evidence on both sides as to the reasonable probability of rezoning, and it is the Commissioners', and not the Court's, duty to judge the credibility of the witnesses and the persuasiveness of their testimony. After a review of the record, we agree with the ruling at trial by the Trial Judge in this case.

■ With regard to the question of whether evidence of assessed valuation of real estate is admissible in a condemnation proceeding as an indication of value, we agree with the pre-trial letter opinion ruling of President Judge Stiftel. *New Castle County v. 16.89 Acres of Land, et al.*, No. 5221 C.A.1976, Del.Super. (Letter Opinion dated December 16, 1977). While noting the County "is not bound on the issue of market value by its own assessment", he found "the better rule [to be] that evidence of assessment valuation is admissible as one of the factors to be considered in connection with market value where the Condemning Authority and the Taxing Unit are one and

the same entity. *City of Detroit v. Cristy*, 316 Mich. 215, 25 N.W.2d 174 (1946); *Louisiana Highway Commission v. Giaccone*, 19 La.App. 446, 140 So. 286 (1932); *In re Boston-Secor Houses*, 25 N.Y.2d 430, 306 N.Y. S.2d 918, 255 N.E.2d 156 (1969); 5 *Nichols on Eminent Domain*, Supp. p. 22-6." We state our agreement in full understanding that "the better view" may be a minority view. See Anno. 39 A.L.R.2d 209. But we see no reason why the property owner in fairness should not be able to bring before the Commissioners evidence of an assessment valuation based on or related to market value which forms the very basis on which the very condemning authority in the case has been taxing that very property owner on the very land being condemned. Compare *Beck v. Kulesza*, Del.Super., 156 A. 346 (1926); *Griffith v. Johnson*, Del.Super., 1 Har. 136 (1833). In Delaware, the assessment valuation for taxation purposes by law is related to actual market value. 9 *Del.C.* § 8306(a) (property assessed "at its true value in money"); see also *Delaware Racing Association v. McMahon*, Del.Supr., 340 A.2d 837, 842 (1975) ("'true value in money' . . . synonymous with actual worth or fair market value") and *Fitzsimmons v. McCorkle*, Del.Supr., 214 A.2d 334, 338 (1965) ("fair market value remains the basic measure"). If hearsay be deemed an objection, we are satisfied that the circumstances of this case bring such evidence into the "admission by party opponent" category. See cases cited by President Judge Stiftel noted above and Rule 801(d)(2) of the Proposed Delaware Rules of Evidence (as revised 2-8-79), which generally tracks the corresponding Federal Rule of Evidence.

Each of the two initial questions noted above basically involve an issue of relevancy. While we have reviewed the questions on the facts of this case independently and have expressed our agreement with the Court below, we note that "[w]hether particular testimony is too remote in point of time or probative value to be relevant has been said to rest largely in the discretion of the trial court." *Am.Jur.2d*, Federal Rules

of Evidence, § 401.1, p. 27; see also Saltzburg and Redder, *Federal Rules of Evidence Manual* (2d Ed.1977), p. 119–121 and 1979 Cum.Supp. p. 43–47. The discretionary nature of such rulings has been highlighted by the balancing test found in Rule 403 of the Federal Rules of Evidence, now tracked in the proposed Delaware Rule, which authorizes the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." It has specifically been noted that the Federal Rules of Evidence may affect the law insofar as the admissibility of valuation for taxation purposes to show value for other purposes. See A.L.R.2d, Later Case Service, Supplementing 36–39 A.L.R.2d (1977) at p. 382 for supplement to 39 A.L.R.2d 209–253.

The final two questions were considered below in a post trial letter opinion written by the Trial Judge, Judge Bifferato. *New Castle County v. 16.89 Acres of Land, et al.,* No. 5221 C.A.1976 (Letter Opinion of July 27, 1978). The questions concern the date that interest should commence and the amount of acreage involved in the proceeding.

Under our law, 10 *Del.C.* § 6113, interest accrues on the award on the date of taking possession or from the date of the award, whichever occurs first. We cannot disagree with the ruling below that, under the circumstances of this case and considering the fact that the land remained vacant throughout the proceedings, the date of taking possession should be October 31, 1977, the date funds were deposited into Court. It was then that the right to possession was established along with at least a de facto waiver of defenses as to the taking. See 10 *Del.C.* § 6110(a). Admittedly the record is somewhat confusing. An express written stipulation waiving defenses as to the County's right to condemn was not filed until June 1978. In further support of the County's claim that interest should run

from the date of the award, there was evidently no formal order of possession ever entered. On the other hand, there was the stipulation of July 5, 1978 fixing the "time of taking and the time for valuation" at July 1976. That stipulation may have been for purposes of trial evidence and not for purposes of interest, but, given its ambiguity, it ill behooves the County to argue that interest should run from any date later than October 31, 1977, especially in view of the fact that the same stipulation waived all claims to taxes from July 1, 1976. The Trial Judge, in his post trial letter decision, did the best he could with a rather imprecise record and we think he reached the best result available under all the circumstances.

Finally, the post trial decision increased the award, based on the claim of the landowners that the property is really 16.524 acres and not the 15.89 acres stipulated prior to trial. Since the Commission returned a per acre price, as well as a total award, the Court was able to accurately make the increase. Since both sides understood that the County wanted the whole tract and since the stipulation was entered under a mutual mistake as to the acreage, we find no fault with the post trial action of the Trial Judge.

The judgment of the Superior Court is affirmed.