Defendant, Laura H. Cristy, owner of parcel No. 25 appeals from an award made in condemnation proceedings in the recorder's court of the city of Detroit to appropriate property as a site for the Memorial Hall.
The property owned by defendant has been used as a parking lot in conjunction with other parcels of land. The assessed valuation of this parcel prior to 1935 was $13,600, from 1936 to 1938 it was $11,370, and from 1940 through 1945 it was $6,830. During the trial, defendant offered in evidence the assessment rolls of the city of Detroit for the year 1945 for the purpose of showing that the assessed valuation of parcel No. 25 was $6,830. The trial court refused to admit this evidence. The jury returned a verdict in favor of defendant in the sum of $3,250.
A motion for a new trial was filed by the property owner alleging error upon the part of the trial court in refusing to admit evidence of the 1945 assessment *Page 217 
rolls of the city of Detroit. The motion for a new trial was denied and defendant appeals.
The principal question involved in this case relates to the refusal of the trial court to admit the proffered evidence. This is a case of first impression in this State. A decision, bearing some relation to the question involved here, was had inChamberlin v. Wagar, 272 Mich. 594. In that case the receiver of a bank brought suit against a stockholder to set aside an assignment of his interest in a copartnership. The question involved in this case was the market value of certain parcels of real estate during a certain year. In commenting upon the evidentiary value of the assessed valuation of the property, we said:
"While the amount property is assessed at is not determinative of its true worth, it nevertheless has some probative force."
The city of Detroit urges that the better rule and weight of authority is that assessments of property by tax assessors for the purpose of taxation are not admissible in eminent domain or condemnation proceedings as evidence of the fair market value of the property and cites Johnson Wimsatt, Inc., v.Reichelderfer, 60 App. D.C. 186 (50 Fed. [2d] 336), where it is said:
"It is widely recognized that appraisements of property by tax assessors for purposes of taxation are not reliable guides of market value, and consequently not admissible in condemnation proceedings."
The following decisions are in accord with the above rule:Kansas City G.R. Co. v. Haake, 331 Mo. 429
(53 S.W. [2d] 891, 84 A.L.R. 1477); People v. Stevens, 358 Ill. 391
(193 N.E. 154); *Page 218 Mayor City Council of Baltimore v. Himmel, 135 Md. 65
(107 A. 522); Allard v. La Plain, 125 Me. 44 (130 A. 737);Burlison v. Watson, 137 Okla. 43 (278 P. 328); Yolo Water Power Co. v. Edmands, 50 Cal.App. 444 (195 P. 463);Bankers Trust Co. v. International Trust Co., 108 Col. 15 (113 Pac. [2d] 656); and Vineyard Grove Co. v. Oak Bluffs,265 Mass. 270 (163 N.E. 888).
In some jurisdictions the rule is well settled that evidence of assessed valuation is admissible against the owner. In Joyce v.Dallas County (Tex.Civ.App.), 141 S.W.2d 745, it was held that the tax assessment sheet for the year 1935 was admissible in evidence in a proceeding by a county commenced in 1939 to condemn a right of way. In City of New Orleans v. Larroux,203 La. 990 (14 South. [2d] 812), it was said:
"While the assessed value of the property is not controlling, yet, it should be considered in connection with the other evidence in the case in arriving at the market value of the land."
In Commonwealth, by State Highway Commission, v. Combs,229 Ky. 627 (17 S.W. [2d] 748), it is said:
"But, independently of the foregoing authorities, and viewing the question as one of first impression in this jurisdiction, we would feel compelled to hold that an assessment made by the owner, as is required by our assessment statutes, would be competent in a case like this, and under its circumstances and conditions. It will be observed that, when defendants listed their entire farm and fixed a value thereon, it was done solely for the purpose of measuring the amount of their contribution to be paid by them to the general fund of the county and State for public purposes. One of the public purposes to which the county fund so contributed by defendants must be applied under the provisions of section *Page 219 
4356t7 of our statutes was and is the cost of acquiring rights of way for the construction of State highways through the several counties. It would be extremely unfair to say that defendants, after fixing themselves the value of their farm so as to reduce their taxes (being their contribution to the public treasury) should not be confronted therewith when they seek to take from that fund the damages to the same property resulting from appropriating a small fractional part thereof for the public purpose of constructing a highway. At first blush it would appear to be unfair and inequitable to allow them, under such circumstances, to take such diametrically opposed position affecting the public treasury. But, be that as it may, it is sufficient for the purposes of this case to say that the testimony was competent and that the court erred in rejecting it."
In Duggan v. State, 214 Iowa, 230 (242 N.W. 98), it was held that assessment rolls when signed by the property owner were admissible in evidence. In Golden City Park Corp. v. Board ofStandards and Appeals, 29 N.Y. Supp. 2d 837, involving the removing of buildings from land sold to the city, it was there said:
"The city ought never to be in the position of fixing a price for taxes and then denouncing the price when it is used for condemnation."
In Re Parkside Housing Project, 290 Mich. 582, 588, we said:
"The law contemplated that the practice respecting the admission of testimony in such proceedings should be as simple as a due regard to substantial justice would permit. A large discretion is left to the jury or to the attending officer, where there is one, and on appeal an award will not be disturbed unless it is fairly evident that his rulings were not only inaccurate, but were a cause of substantial injustice *Page 220 
to the appellant. Michigan Air Line Ry. v. Barnes, 44 Mich. 222. "
In condemnation proceedings a jury may view the premises as an aid in determining value. Greater latitude is allowed in permitting the reception of evidence bearing upon the value of property than is permitted in the ordinary case tried before a judge and jury. In the case at bar the city made the assessment and is a party to the litigation. We think the evidence was admissible. It is not controlling, but may be considered in connection with all other evidence in arriving at the fair market value of the land. The failure to admit this evidence was prejudicial error and commands a new trial.
The award is set aside and a new trial granted, with costs to defendant.
BUTZEL, C.J., and CARR, BUSHNELL, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred. *Page 221