CITY OF ST. CLAIR SHORES *v.* CONLEY.

1. EMINENT DOMAIN—EXCESSIVE AWARD—PLAT ACT—ZONING ORDINANCE.

   Claim of city on its appeal from award made in condemnation proceedings that jury adopted a mistaken method of evaluating the 100′ x 1,500′ lake-front parcel with an 18′ private road along one side to the lake in that an 800′ interior parcel commencing some 200′ from the street had no right of access through the private road which existed prior to enactment of zoning ordinance and that, if it did, it could not be legally subdivided because of its 82′ depth *held*, untenable where neither subsequently-adopted zoning ordinance nor the plat act contain the claimed prohibition (CL 1948 and CLS 1956, §§ 213.71–213.94; § 560.1 *et seq.*).

REFERENCES FOR POINTS IN HEADNOTES

[2] 18 Am Jur, Eminent Domain § 244.
[3] 18 Am Jur, Eminent Domain § 343.
[4] 3 Am Jur, Appeal and Error § 246.
[5] 18 Am Jur, Eminent Domain § 370.
[7] 18 Am Jur, Eminent Domain § 362.
[8] 3 Am Jur, Appeal and Error § 887.
    18 Am Jur, Eminent Domain § 367.

2. Same—Use of Land Condemned.

A defendant property owner in a condemnation proceeding is entitled to an award based upon the highest and best use of the land and the jury is entitled to consider every legitimate use (CL 1948, §§ 213.71–213.94).

3. Same—Value—Evidence.

The jury in city's condemnation proceedings for site for city hall and adjoining parking lot was entitled to consider evidence of value, presented to it without objection, either by defendant's appraisers or cross-examination of plaintiff's appraisers (CL 1948, §§ 213.71–213.94).

4. Same—Appeal—Questions Reviewable—Value—Proposed Illegal Use—Evidence.

Claimed illegality of proposed subdivision of property condemned by city for site for city hall and adjoining parking lot, not having been urged upon the court below as a portion of plaintiff's request to charge, may not be raised on appeal (CL 1948, §§ 213.71–213.94).

5. Same—Discontinuance of Condemnation Proceedings.

Plaintiff city was without power to discontinue condemnation proceedings after jury had rendered its verdict (CL 1948, §§ 213.71–213.94).

6. Same—Appraisal.

No mistake in theory of appraisal requiring reversal or new trial is found in condemnation proceeding of 100′ x 1,500′ lake-front lot by city for site for city hall and adjoining parking lot (CL 1948, §§ 213.71–213.94).

7. Same—Credibility of Witnesses for Jury.

The jury in a condemnation proceeding is the judge of the credibility of the witnesses and truthfulness of their statements.

8. Same—Determination by Jury—Supreme Court—Evidence—View of Premises.

Determination by jury in condemnation proceeding as to disputed questions of fact, including damages, is final and not subject to disturbance by Supreme Court so long as it is within fair range of testimony and facts learned in their examination of the property.

Appeal from Macomb; Noe (Alton H.), J.   Submitted October 16, 1957.   (Docket No. 61, Calendar No. 47,508.)   Decided November 26, 1957.

Condemnation proceedings by the City of St. Clair Shores, a municipal corporation, against property of Julia R. Conley for public improvement. City, claiming the award excessive, moved for new trial, or in the alternative, a discontinuance of proceedings. Motion denied and city appeals. Affirmed.

*John H. Yoe,* for plaintiff.

*Ivan A. Johnston,* for defendant.

EDWARDS, J. Most condemnation appeals heard by this Court have in somewise represented the complaint of property owners concerning claimed inadequacy of a jury award. In this case the shoe is on the other foot and the plaintiff-appellant city complains vehemently that a Macomb county condemnation jury was too generous.

The city of St. Clair Shores decided to build a new municipal building. They chose a site therefor in the vicinity of 11-Mile road and Jefferson avenue where the city owned 2 lots.

The plan for the municipal building as originally contemplated extended 35 feet over onto a parcel of land known as lot 5 of assessor's plat #22 and owned by defendant Julia Conley. The city also felt that parking was needed adjacent to the new municipal building. The city council decided by resolution dated September 6, 1955, to condemn all of lot 5—the stated purpose being for "a public parking area."

The condemnation petition was brought under PA 1883, No 124, as amended (CL 1948, §§ 213.71–213.94 [Stat Ann §§ 8.41–8.66]). The case was tried before Circuit Judge Alton H. Noe and a Macomb county jury. The jury found a public necessity for talking the property sought by the city and found the just compensation therefor to be $88,000.

The award considerably exceeded the city's appraisals and after verdict the city moved for a new trial and, apparently in the alternative, discontinuance of the proceedings.

Upon Judge Noe's denial of both motions, an appeal is brought here in which appellant city of St. Clair Shores claims (1) that the award is excessive; (2) that it was based on mistake and inadvertence by the jury; and (3) that the court erred in not granting a new trial.

At trial of this matter one of the city's appraisers testified that the subject property was worth $45,995, and the other that it was worth $49,692. The defendant's first appraiser on the other hand testified that the property was worth $96,834, and the second $96,934.

The property in question was a lot approximately 100 feet wide and extending over 1,500 feet from Jefferson avenue to Lake St. Clair. Upon it were located near the lake front a cottage, a 3-family apartment, and a 3-car garage. Witnesses testified that a private road from Jefferson avenue to the lake along the south side of the property had existed at the time of the adoption of the zoning ordinance.

The appraisers for the city appraised the land as a whole and the buildings separately in order to arrive at their estimates of value. The appraisers for the defendant appraised the buildings separately and then divided the land into 3 parcels for separate appraisal. One parcel was the Jefferson avenue frontage to a depth of 200 feet, another was the lake frontage to an approximate depth of 500 feet, and the third was the interior parcel with a depth of 800 feet to which access could be had only by the private road. It is as to this third parcel that appellant now addresses its argument of mistaken method and excessiveness on the part of the jury. The city contends that the landowner had no rights of access to

the 800-foot interior parcel through the existence of the private road; that if it did, such right, under its zoning ordinance and the plat act (PA 1929, No 172, as amended [CL 1948 and CLS 1956, § 560.1 *et seq.* (Stat Ann 1953 Rev and Stat Ann 1955 Cum Supp § 26.431 *et seq.*)]) did not allow for subdivision of lots fronting thereon with a depth of only 82 feet; and that therefore the jury award, inasmuch as it was based on defendant's appraisals, was based upon a wrong theory and was excessive.

The record discloses that witnesses did testify to the existence of the private road in controversy prior to the adoption of the zoning ordinance. We do not find in the zoning provisions called to our attention any flat prohibition upon the building of a dwelling upon lots 82 x 50 feet as contemplated by defendant's appraisers.

Nor do we find in the plat act a specific prohibition upon the plan for subdivision which was argued to the jury.

The defendant herein was entitled to an award based upon the highest and best use of her land; and the jury was entitled to consider every legitimate use. *In re Edward J. Jeffries Homes Housing Project,* 306 Mich 638; *In re Widening of Michigan Avenue,* 280 Mich 539; *In re Widening of Bagley Avenue,* 248 Mich 1.

Further, the testimony of defendant's appraisers, based upon the 3 parcels referred to, went into the record without objection, and without objection likewise the plaintiff's appraisers were cross-examined extensively upon the same theory of division and use of the land.

The argument actually relied upon here (that the proposed subdivision of the interior 800 feet was illegal) was not urged upon the court below as a portion of plaintiff's request to charge. On the contrary, the facts pertaining to the private road and

the provisions of the zoning ordinance and the plat act bearing on the possible use of this parcel were all presented and argued to the jury.

We believe that under the circumstances this course was proper and that in any event plaintiff cannot now raise this argument of illegality on appeal.

We agree with the trial judge that after the jury verdict plaintiff had no power to discontinue these proceedings. CL 1948, § 213.91 (Stat Ann 1955 Cum Supp § 8.63).

We find no mistake in theory of appraisal requiring reversal or new trial.

As to the claim of excessiveness, we adopt the opinion of the trial court as it bore on this question:

"As to the objections raised by petitioning city that the verdict was excessive, it is conceded that the verdict of the jury was well within the range of the lowest and highest estimates of the market value of the lands to be condemned, and it is generally conceded to be the law that the jury being the judges of both the law and the facts, the court is without power to disturb an award which lies between the maximum and minimum amounts testified to by the various witnesses sworn in behalf of the city and respondent. The jury in condemnation proceedings are the judges of credibility of witnesses and pass upon the truthfulness of their statements and have the benefit of the testimony as well as the examination of the property, and determinations made by them as to value should not be disturbed so long as it is within the fair range of the testimony. The demonstration which counsel attempted to make in his brief with reference to the method of arriving at values which respondent and her witnesses used, does not indicate that the jurors rendered their verdict through mistake or inadvertence which might make it necessary for this court to set aside the verdict. The respondent is entitled to the highest pos-

sible use to which her property might be put and proofs offered in that regard together with the jury's view of the premises must be sufficient to warrant the jury's award. The proofs offered in this case amply warranted the verdict of the jury and it cannot be said that they have wandered afield in arriving at the price which they awarded respondent for her property."

We believe Justice POTTER's words in *In re Widening of Michigan Avenue, supra,* 552, are applicable here:

"The jury in a condemnation case is, as in other cases, the judge of the credibility of the witnesses and the truthfulness of their statements. The jurors hear the testimony, examine the property, consider the estimates placed upon the damages which should be awarded to the respective parties, and make a final determination. Like any other tribunal which is created for the determination of disputed questions of fact, their determination is final and this Court may not disturb it so long as it is within the fair range of the testimony and of the facts which the jury may have learned in their examination of the property."

The verdict of the jury and order of the trial court are affirmed. Costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.