## MINNEAPOLIS-ST. PAUL METROPOLITAN AIRPORTS COMMISSION v. EDWARD J. STAWICKI AND OTHERS.
## ANDREW HORKEY AND ANOTHER, APPELLANTS.

130 N. W. (2d) 503.

September 4, 1964—No. 39,311.

*Andrew Horkey,* pro se, and *Earl H. A. Isensee,* for appellants. *Richard H. Murray* and *Oppenheimer, Hodgson, Brown, Wolff & Leach,* for respondent.

OTIS, JUSTICE.

This is an appeal from a judgment of the district court in condemnation proceedings instituted by Minneapolis-Saint Paul Metropolitan Airports Commission (hereinafter referred to as MAC) for the enlargement of an airport in the village of Crystal. The only issue for review is whether it was proper for the trial court to exclude from evidence

the amount of the assessments previously levied against the property for sewer lines installed by the village of Crystal.

At the time of the taking, appellants owned two parcels of land adjacent to the Crystal Airport, one being designated 9A, containing approximately 1¼ acres, and one designated 10A, consisting of approximately 3½ acres. The jury awarded a verdict of $1,300 with respect to tract 9A, against which there were sewer assessments paid and unpaid of $777.13. There was a verdict of $2,000 for taking tract 10A, against which there were assessments paid and unpaid of $2,270.87. The net effect was to take all of the 3½-acre tract without according the owners any compensation.

■ Respondent takes the position that appellants have neglected to present a record on which an appeal may be predicated because of their failure to make an offer of proof or otherwise submit evidence in a manner which squarely raised the issue in the trial court. We agree that the matter was obliquely presented but believe it is nevertheless properly before us. In chambers and out of the hearing of the jury, the matter was fully discussed, appellants asserting that the cost of the assessment was the best evidence of value, and respondent's counsel unequivocally objecting to its introduction. After this discussion the court stated:

"* * * I suppose they [the appraisers] could testify not as to the cost of the sewer, but that they took into consideration the cost, but they cannot give the cost itself as I understand it. That is my theory of the law."

We hold that in the context of the previous discussion this statement may fairly be construed as an adverse ruling sufficient to preserve the question for appeal.

■ The sewer lines giving rise to these assessments were located some 600 feet from appellants' property and neither connected with nor serviced the property at the time of the condemnation. Appellants were permitted to show what the improvements were, but not the amount of the assessment.

MAC argues that the assessment was levied arbitrarily and without regard to whether any actual benefit accrued to the property. It

further asserts that since the evidence consists of the work product of municipal employees not before the court it is hearsay. MAC contends that if the assessments were in fact inequitably levied, the property owners should have rectified the situation by appropriate appeal proceedings which the condemning authority is not now in a position to pursue. Finally, it is insisted that to put the assessment figure before a jury would simply invite it to add that amount to the actual value of the property in order to make the owners whole.

Although there is force to these arguments, we cannot escape the conclusion that the property owners are unjustly caught between the upper and the nether millstones of two unrelated arms of government which have converged to divest them of a substantial piece of real estate without compensation.

Unlike a mortgage, mechanics lien, or judgment stemming from a transaction for which the owner presumably receives quid pro quo, the sewer installation conferred no immediate benefit on appellants and they now find themselves deprived of whatever opportunity they might ultimately have had to recoup the economic loss they sustained as a result of the assessment. In this posture it is not enough to reprove the owners for not having pursued the remedies available to them by appeal to the district court. They were neither obliged to anticipate an involuntary conversion of this kind nor take steps to protect unforeseen condemnors from an improvident improvement, but were entitled to hold the property for potential gain without appealing the assessments.

In any case, we hold that the amount of the assessments had probative value by virtue of the presumption of correctness it enjoyed. Until otherwise rebutted it may be assumed a property owner is not burdened beyond the benefits he realizes from such a public improvement. In re Assessment for Widening E. Fourth Street, St. Paul, 173 Minn. 67, 70, 216 N. W. 607, 608; Village of Edina v. Joseph, 264 Minn. 84, 92, 119 N. W. (2d) 809, 815. It is true that Minn. St. 429.051 authorizes an assessment even if the improvement does not abut the property, and the statute does not require that there be a mathematically correct formula for determining a particular benefit to

a particular tract. However, we believe the amount of the assessment should have been received in evidence for whatever it was worth, without its being conclusive on the jury. Of course the condemning authority has a right to introduce impeaching evidence if, in fact, the assessment does not accurately reflect benefits in proportion to the cost.

In so holding we do not suggest that the burden of proof shifts from the property owner to the condemning authority, nor do we intend that the amount of the assessments shall enjoy any preferential status as evidence. It is not prima facie evidence that there is an increment in value, nor does any other presumption attach to it. In our opinion we are dealing with an encumbrance which is sui generis in the field of eminent domain.

There is considerable authority for admitting into evidence the actual cost of improvements as a factor to be presented to the jury in arriving at market value.[1] Nevertheless, we confine our ruling to situations where one branch of government has assessed property in an amount which a different subdivision of government denies is an accurate reflection of the benefits realized by the improvement.

We have considered the other contentions advanced by MAC but believe they do not require extended discussion. Accordingly we hold the amounts should have been received in evidence.

Reversed and remanded for a new trial.

MR. JUSTICE ROGOSHESKE took no part in the consideration or decision of this case.

---

[1] 5 Nichols, Eminent Domain (3 ed.) § 20.1, p. 368; 4 Nichols, Eminent Domain (3 ed.) § 12.313, p. 138; United States v. Wise (4 Cir.) 131 F. (2d) 851; Annotation, 172 A. L. R. 236, 242; In re Primary Road No. Iowa 141, 256 Iowa 380, 127 N. W. (2d) 566, 570.