MICHIGAN CONSOLIDATED GAS COMPANY *v.* MUZECK.

APPEAL *re* BEIER.

1. EMINENT DOMAIN—MEASURE OF DAMAGES.

The measure of damages for property taken in. condemnation proceedings is the fair market value of the property at the time of the taking.

2. SAME—DAMAGES—EVIDENCE.

An award in condemnation proceedings that is within the range of competent evidence of value will not be disturbed on review.

3. GAS—NATURAL GAS STORAGE FIELD—CONDEMNATION—MEASURE OF DAMAGES.

Valuation of gas well in place on land as a depleted well at salvage value, in addition to payment for gas at the rate of 31.36 cents per Mcf *held*, not proper valuation in a case where other purchases of gas storage rights by condemning plaintiff were made at the price of 31.36 cents per Mcf for gas and, in addition, substantial payments for the wells far in excess of salvage value.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur 2d, Eminent Domain § 267.
[2] 27 Am Jur 2d, Eminent Domain § 471.
[3] 26 Am Jur 2d, Eminent Domain §§ 150, 151, 173; 27 Am Jur 2d, Eminent Domain §§ 266, 267, 348.
[4] 27 Am Jur 2d, Eminent Domain §§ 447, 448, 472.
[5] 27 Am Jur 2d, Eminent Domain §§ 418, 506.
[6] 26 Am Jur 2d, Eminent Domain §§ 170, 266, 279.
[7] 27 Am Jur 2d, Eminent Domain §§ 339, 471, 472.
[8] 27 Am Jur 2d, Eminent Domain §§ 266, 279.
[9] 20 Am Jur 2d, Costs § 16; 27 Am Jur 2d, Eminent Domain §§ 473, 475.

4. Eminent Domain—Condemnation—Report of Commissioners—
   Setting Aside—Discretion of Court.

   Action of trial court in setting aside report of commissioners in
   condemnation proceeding, and referring the matter back to
   the commissioners for further trial on the question of dam-
   ages *held*, not an abuse of discretion in a case where the re-
   port of the commissioners showed on its face that they had used
   an improper method of evaluating gas wells and equipment
   being condemned.

5. Same—Instruction to Commissioners—Factual Statement.

   Instructions to commissioners determining damages in condem-
   nation of gas storage rights and gas well on defendants' land,
   which contained a factual statement of the conditions existing
   at the time of the taking, so stated as to eliminate salvage value
   of the wells from the commissioners' consideration, *held*, not
   error, where salvage value could not properly be considered as
   the value of the wells being condemned.

6. Same—Just Compensation.

   Just compensation, required by Constitution and statute in
   the taking of private property by condemnation proceedings,
   must put the party injured in as good a position as he would
   have been in if the injury had not occurred (Const 1963, art
   10, § 2; CL 1948, § 486.252d).

7. Same—Gas Well—Value.

   Award of $48,029.31 for value of gas well and well equipment
   in condemnation proceedings, which was within the range of
   competent evidence of value, was properly confirmed by the
   trial court in case where less than 6 months before the taking
   by condemnation proceedings, the well was completed at a
   cost to the defendants of $61,682.

8. Gas—Prior Capture—Damages.

   Landowners are not entitled to damages for gas drained from
   their property prior to the time that they drilled their own
   well to extract gas from their property.

9. Costs—Neither Side Fully Prevailing.

   No costs are awarded in a case where both plaintiff and defend-
   ants appeal from award of damages in condemnation proceed-
   ings for the taking of land for a natural gas storage field,
   and neither party prevails in full.

Appeal from St. Clair Probate Court; Benko
(George E., Jr.), J., presiding. Submitted Division

2 May 3, 1967, at Lansing. (Docket Nos. 2,704, 2,798.) Decided November 27, 1967.

Michigan Consolidated Gas Company, a Michigan corporation, filed its petition in the probate court of St. Clair County to condemn property interest of numerous defendants, including Raymond E. Beier and Alvira Beier. From an award of damages for defendants Beier, plaintiff appeals, and defendants cross-appeal. Affirmed.

*Dutchess, Mika, Miles, Meyers & Snow,* and *Delmer L. Cleland,* for plaintiff.

*Bush, Luce, Henderson & Black,* and *Hogan & Kostoff,* for defendants Beier.

QUINN, J. This is a condemnation action brought by plaintiff against various landowners to secure property rights and interests necessary for underground gas storage in Belle River Mills gas field, China township, St. Clair county, Michigan. The action was taken pursuant to CL 1948, §§ 486.251–486.254, as amended by PA 1957, Nos 67 and 254, and PA 1961, No 69 (Stat Ann 1965 Cum Supp §§ 22.1671–22.1674). Plaintiff filed separate appeals from orders of the probate judge with respect to the damage award to Raymond E. and Alvira Beier, husband and wife. The first is from denial of plaintiff's motion to confirm the commissioners' first report on damages and the granting of defendants Beiers' motion to set aside such report. The second is from confirmation of a revised report of commissioners on damages. These appeals have been consolidated on motion of plaintiff. Beiers cross-appeal from the refusal of the probate court to consider their claim for damages with respect to

drainage of gas from their lands prior to February 1, 1965, the date their well started producing.

The first report of the commissioners on damages was itemized as follows:

| | |
|---|---|
| Value of gas in storage formations ... | $393,022 |
| Value of well and well equipment ..... | 766 |
| Value of storage formation, including all minerals other than gas ........ | 7,162 |
| | $400,950 |

The revised report of the commissioners on damages was itemized as follows:

| | |
|---|---|
| Value of gas in storage formations ... | $393,022.00 |
| Value of well and well equipment .... | 48,029.31 |
| Value of storage formation, including all minerals other than gas ........ | 7,162.00 |
| Total Damages ............. | $448,213.31 |

Both of plaintiff's appeals involve one item of damages, namely: value of well and well equipment. It is plaintiff's contention that the first award of $766 for this item is based on the only competent evidence of record as to fair market value, hence the trial court erred in denying its motion to confirm the first report of the commissioners, in granting defendants' motion to set aside that report, and in confirming the revised report of the commissioners.

Since both sides concede that 2 of the rules on damages in condemnation in Michigan are that the condemnee shall receive the fair market value of the property taken, at the time of taking, and that any award within the range of competent evidence

of value will not be disturbed on review, we find it unnecessary to cite authority for these propositions. The inquiry then becomes what competent evidence of value of the well and well equipment is in the record and is the revised award within the range thereof.

Plaintiff argues that when it pays defendants $393,022 for gas in storage formations the well is a depleted well and the only value of it and the well equipment is the salvage value of $766. Its expert witness so testified, and it is apparent from the first report of commissioners that they accepted this evidence as the only evidence of value as to well and well equipment. We could accept this position if it was conclusively demonstrated that $393,022 represented payment for gas in storage formations and the cost of defendants' well, but it is not so demonstrated. The figure of $393,022 represents the value of defendants' share of unproduced gas in the field, and it is arrived at by multiplying defendants' share of the estimated gas remaining in place in the field by the factor 31.36 cents per Mcf of gas. Plaintiff's exhibits 16 and 17 and defendants' exhibits 2 and 3 demonstrate that plaintiff did not consider the price of 31.36 cents per Mcf for gas in place as including recovery of well costs. These exhibits are contracts of purchase by plaintiff from other owners of interests identical to those plaintiff obtained here by condemnation. In each, in addition to paying 31.36 cents per Mcf for gas in place, plaintiff contracted to pay for the wells involved at prices ranging from $25,000 to $37,500 per well. This leads us to conclude that testimony of salvage value was not competent testimony of the value of the well and well equipment on the facts involved in this case and that such testimony did not establish a value for the well and well equipment.

The statute, CL 1948, § 486.252e (Stat Ann 1965 Cum Supp § 22.1672[5]) provides:

"The court may at the time of the filing of the report or at such other time to which it may adjourn the proceedings, on motion of any interested party and notice to the opposing party or parties and after hearing, set aside the report and refer it back to such commissioners or appoint other commissioners to retry the questions involved, whereupon such proceedings shall be had as are hereinbefore provided for."

We find no abuse of discretion on the part of the trial judge in denying plaintiff's motion to confirm the first report of commissioners and in granting defendants' motion to set that report aside.

On reconvening the commissioners, the court gave further instructions as follows:

"At our previous meeting you returned a finding in regard to the value of the wells in the amount of $766. Subsequent thereto the respondents Beier filed a motion requesting that the findings in regard to the wells and equipment be set aside and the commissioners be given additional instructions in that the findings were not consistent with the evidence. On the basis of that motion the court issued an opinion and order granting the motion to set aside the finding in regard to the wells and reconvening the commissioners for further instructions.

"The court in issuing its opinion found that the only evidence to substantiate the finding of $766 was when Mr. Elenbaas testified that when all production was completed the wells and equipment would have a salvage value of $766.

"At the time of the taking, the evidence indicated that in regard to the Beiers all production was not completed. In my original instructions regarding the value of the wells, I instructed you as follows: you are instructed that you should approach the

valuation of the Beier wells, so-called, in the same manner as all other property. What was the fair market value of the wells on the date of taking. You are instructed that you are not to consider what value the Beier well might have to the petitioner but rather what the value of the Beier well was at the marketplace on the date of taking.

"Evidence has been offered by the petitioner that the cost of drilling and equipping the well was $72,361, that on the basis of the Beiers' ownership of 85.24% of such well, that their share of the drilling and equipment amounted to $61,682. At this time I instruct you further that at the time the well was drilled on the Beier property there remained 1,888,654 Mcf of gas on the Beier tract, the Beiers' share being 1,609,919 Mcf of gas. At the date of taking there remained on the Beier tract 1,470,144 Mcf, the Beiers' share being 1,253,-260 Mcf, indicating that the wells and equipment removed from the Beier tract 418,742 Mcf of gas and that the Beiers' share being 356,346 Mcf of gas.

"Therefore, you are instructed that you are to find the value of the wells and equipment based upon this evidence which was presented in this case. You cannot find the value of $766 because all production has not taken place."

Plaintiff complains that this instruction was erroneous because it required the commissioners to determine the value of well and well equipment by making a mathematical calculation based on a formula prescribed by the court, thus invading their province of being sole judges of the facts. We do not so read the instruction. To us it is a factual statement of the conditions existing at the time of the taking and as a foundation for eliminating salvage value from the commissioners' consideration.

Less than 6 months before the taking, defendants' well was completed at a cost to them of $61,682,

Const 1963, art 10, § 2, and the statute, CL 1948, § 486.252d (Stat Ann 1965 Cum Supp § 22.1672[4]) require that just compensation be paid for what is taken. Just compensation must put the party injured in as good a position as he would have been if the injury had not occurred. *State Highway Commissioner* v. *Eilender* (1961), 362 Mich 697. The award of $48,029.31 for value of well and well equipment was within the range of competent evidence of value and the trial court did not err in confirming the revised report on damages.

Defendants' claim that the trial court erred in excluding evidence with respect to their claim for damages for gas drained from their property prior to drilling their well is contrary to the holding of this Court in *Michigan Consolidated Gas Company* v. *Muzeck* (1966), 4 Mich App 502. We find no error in this regard.

The trial court is affirmed in all respects. Neither side having fully prevailed, no costs are awarded.

LESINSKI, C. J., and GILMORE, J., concurred.