CITY OF DETROIT *v.* YELLEN

1. EMINENT DOMAIN—VALUE—PROPERTY TAX—JUST COMPENSATION.
   Property owners' contention that the minimum amount at which a city could value property for purposes of eminent domain is the assessment made to determine what the *ad valorem* property tax should be is wholly untenable.

2. EMINENT DOMAIN—JUST COMPENSATION—TAXATION—PROPERTY TAX—ASSESSMENT.
   The purpose of just compensation in eminent domain proceedings is to indemnify the property owner for the loss of his property, whereas the primary goal of assessments for *ad valorem* property taxation is the fair apportionment of the cost of government among property holders.

3. EMINENT DOMAIN—CONSTITUTIONAL LAW—JUST COMPENSATION.
   Both the Federal and state constitutions require that just compensation be paid for property taken by condemnation (US Const, Am 5 and Am 14; Mich Const 1963, art 10, § 2).

4. EMINENT DOMAIN—JUST COMPENSATION.
   Just compensation in condemnation is that amount which puts the property owner in as good a position as he would have been had not the taking occurred.

5. EMINENT DOMAIN—JUST COMPENSATION—PROPERTY TAX VALUATION—EVIDENCE—MATERIALITY.
   Although the assessed valuation of real property does not determine with finality its fair market value in a condemnation case, it does have a material bearing on the issue as to what is the fair market value of the property.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5]  27 Am Jur 2d, Eminent Domain § 441.
[3]  27 Am Jur 2d, Eminent Domain §§ 2, 7–9, 266, 478.
[4]  27 Am Jur 2d, Eminent Domain §§ 154, 170, 266, 279.
[6]  27 Am Jur 2d, Eminent Domain §§ 443–449.

6. EMINENT DOMAIN—JUST COMPENSATION—VERDICT OF JURY—
APPEAL AND ERROR.

A jury's determination of the fair market value of property
taken by eminent domain will not be overturned if it is with-
in the range of the minimum and maximum appraisals offered
in evidence.

Appeal from the Recorder's Court of Detroit,
William F. Ager, Jr., J. Submitted Division 1
October 12, 1970, at Detroit. (Docket No. 8617.)
Decided December 7, 1970.

Complaint by the City of Detroit against Max
Yellen and Rose Yellen, his wife, for condemnation.
Judgment for plaintiff. Defendant appeals the
amount of compensation. Affirmed.

*Michael M. Glusac,* Corporation Counsel, and
*Darryl F. Alexander,* Assistant Corporation Coun-
sel, for plaintiff.

*Irving H. Small* and *Irving B. Ackerman* (*Edward
P. Echlin,* of counsel), for defendants.

Before: J. H. GILLIS, P. J., and DANHOF and
MAHINSKE,* JJ.

PER CURIAM. Defendants, property owners, ap-
peal the jury award in condemnation proceedings
tried below. They claim denial of due process in
that the plaintiff city took their property without
paying just compensation. (US Const Am 5 and
Am 14; Mich Const 1963, art 10, § 2.) Specifically,
defendants contend that a municipal government,
when acting as condemnor, should be estopped from
assessing the value of private property at one rate
for purposes of the *ad valorem* property tax and

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

at a lesser value for purposes of condemnation. They argue that the property tax valuation should be the minimum amount at which the city could value that same property for condemnation purposes. We find this argument wholly untenable.

"Value" is a word of many meanings,

"[A]nd the particular method deemed most appropriate and expedient for its ascertainment may vary according to the purposes for which valuation is sought. Where property is taken by eminent domain, the constitutional mandate of 'just compensation' must be carried out; and a judicial award must be made in each individual case to indemnify the owner for the loss of his property. The search for a value which will constitute a proper balance between the public's need and a particular owner's loss is the function of the condemnation court. Valuation for tax purposes, however, simply is a measure by which the cost of government may be fairly apportioned. Equality of assessment is the paramount consideration in tax proceedings." *In re Site for School of Industrial Arts* (1956), 2 Misc 2d 403, 406 (154 NYS2d 402, 405). *Cf. Southwestern Bell Telephone Co.* v. *Public Service Commission* (1922), 262 US 276 (43 S Ct 544, 67 L Ed 981).

In Michigan, the primary goal in assessments for *ad valorem* taxation is the principle of equal treatment regardless of the actual "true cash value" involved. *Consumers Power Company* v. *City of Muskegon* (1968), 13 Mich App 334; *cf. Pantlind Hotel Company* v. *State Tax Commission* (1966), 3 Mich App 170; *Fisher-New Center Company* v. *State Tax Commission* (1968), 380 Mich 340. The "true cash value" is not solely "the usual selling price". (MCLA § 211.27 [Stat Ann 1970 Cum Supp § 7.27].) The market price is an item to be considered by the tax assessor but is not of itself con-

trolling. *Davidson* v. *City of Lansing* (1959), 356 Mich 697.

"The legislative statement of the meaning of [true] cash value, which is really a statement of tests to be applied in determining [true] cash value, is not exclusive or inclusive. The tax law must be read as a whole. *The general purpose of the law is to subject property to a proportionate payment of public levies.*" *Cleveland-Cliffs Iron Co.* v. *Township of Republic* (1917), 196 Mich 189, 201, 202, cited with approval in *Moran* v. *Grosse Pointe Township* (1947), 317 Mich 248, 255. (Emphasis supplied.)

Both the Federal and state constitutions require that just compensation be paid for property taken by condemnation. There is no rigid formula which determines the amount constituting "just compensation". Rather, upon an examination of each case, the just compensation paid is that amount which "put[s] the party injured in as good a position as he would have been if the injury had not occurred". *State Highway Commissioner* v. *Eilender* (1961), 362 Mich 697, 699; *Michigan Consolidated Gas Company* v. *Muzeck* (1967), 8 Mich App 329; *Consumers Power Company* v. *Allegan State Bank* (1969), 20 Mich App 720.

A realistic comparison of the different purposes for which valuations are made for *ad valorem* property tax assessments and condemnation awards impels the conclusion that the standards fixed in the former may not arbitrarily be assumed synonymous with those utilized in the latter.

Michigan, unlike the majority of states,[1] recognizes that there are some meritorious similarities

---

[1] The overwhelming weight of authority has held that assessed value is not competent and direct evidence of value for purposes other than taxation. Among the better reasoned decisions are: *City of Chicago* v. *Harrison-Halsted Building Corporation* (1957), 11 Ill

in the two standards. For that reason our Supreme Court held in *In re Memorial Hall Site* (1947), 316 Mich 360, 362, that although the assessed valuation of real property

"[D]oes not determine with finality the fair market value in [a] condemnation case, it does have a material bearing on the issue as to what is the * * * fair market value of the property."

The measure and elements of a condemnation award are not a fixed formula. *In re Grand Haven Highway* (1959), 357 Mich 20. In the case before us, the tax assessment of the condemned property was offered in evidence. It, and the expert appraisals offered by both parties to this action, were presented to the jury. GCR 1963, 516.5; MCLA § 213.377 (Stat Ann 1970 Cum Supp § 8.261[17]).

"A verdict will be upheld in this Court if it is supported by competent evidence as long as the amount is not lower than the minimum, or higher than the maximum valuation placed by the witnesses on the property sought to be condemned." *State Highway Commission* v. *Hessell* (1967), 5 Mich App 559, 565.

The jury was properly instructed that they could take the testimony regarding the tax assessment into consideration in determining the value of the condemned parcels. Where the jury's award is

---

2d 431 (143 NE2d 40); *United States* v. *Certain Parcels of Land* (CA4, 1958), 261 F2d 287; *State Highway Commission* v. *Anderegg* (1965), 241 Ore 31 (403 P2d 717). Michigan is one of eight states which allows tax assessment valuations to be considered in determining market value in condemnation proceedings. Michigan's reasoning is reflected in: *Colson* v. *State Highway Board* (1961), 122 Vt 392 (173 A2d 849); *Minneapolis-Saint Paul Metropolitan Airports Commission* v. *Stawicki* (1964), 269 Minn 264 (130 NW2d 503); *In re Boston-Secor Houses* (1969), 25 NY2d 430 (255 NE2d 156). Further analysis can be found in: Annotation, 39 ALR2d 209; Sengstock and McAuliffe, "What is the Price of Eminent Domain," 44 *Journal of Urban Law* 185 (1966).

within the minimum-maximum appraisals presented, as here, this Court will not disturb that finding. *State Highway Commissioner* v. *Schultz* (1963), 370 Mich 78. Thus, we cannot say, after a full review of the record, that the award was palpably contrary to the evidence.

Affirmed. Costs to plaintiff.