HOLLOWAY CITIZENS COMMITTEE OF LAPEER AND GENESEE COUNTIES, INC *v* GENESEE COUNTY

1. EMINENT DOMAIN—ADJACENT PUBLIC UNDERTAKING—DEPRECIATION OF LAND VALUES.

    The state need not, as a general rule, compensate a landowner for the depreciation of the market value of his land caused by the establishment of a public building or a public undertaking on nearby land where there is no physical injury to the landowner's property or impairment of any right appurtenant thereto and the public use does not constitute a nuisance at common law.

2. EMINENT DOMAIN—FUTURE PLANS.

    The promulgation and publication of plans by a public agency to condemn land in the future do not constitute a taking of property, even though the publicity hinders the sale of the property.

3. EMINENT DOMAIN — ADJACENT PUBLIC UNDERTAKING — FUTURE PLANS.

    Plaintiffs were not deprived of their property without just compensation where plaintiffs' claims were based on the allegations that their property values had diminished because of defendant county's creation of a park adjacent to plaintiffs' land and because of the county's announcement that plaintiffs' land would be added to the park in the future.

———————————

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur 2d, Eminent Domain §§ 40, 71, 104.
[2] 26, 27 Am Jur 2d, Eminent Domain §§ 154, 272.
[3] 26 Am Jur 2d, Eminent Domain §§ 60, 104, 140.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 December 13, 1971, at Lansing. (Docket No. 9055.)   Decided February 22, 1972.

Complaint by the Holloway Citizens Committee of Lapeer and Genesee Counties, Inc., and others against Genesee County, The Genesee County Parks and Recreation Commission, and the City of Flint for injunctive relief to insure that defendants would take all necessary steps to allow plaintiffs peacefully to enjoy their property and to have the development of a park terminated.   Injunction issued ordering defendants to insure plaintiffs' peaceful enjoyment of their property.   Plaintiffs appeal.   Affirmed.

*Lyndon J. Lattie,* for plaintiffs.

*Edward P. Joseph,* for defendant Genesee County Parks and Recreation Commission.

*John G. David,* for defendant Genesee County.

*Robert E. Weiss,* for defendant City of Flint.

Before: QUINN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J.   Defendant Genesee County Parks and Recreation Commission undertook to develop the Holloway Reservoir Regional Park. While the park, as planned, will eventually contain some 7200 acres lying in Genesee and Lapeer Counties, at the time of trial only 3060 acres were under the control of the commission.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Plaintiff Holloway Citizens Committee of Lapeer and Genesee Counties, Inc. is a nonprofit corporation organized to maintain the values of its members' property and to promote an attractive environment for the residents of the Holloway Reservoir area.

While much of the land of the plaintiffs is planned to eventually be made part of the park, the advertising prepared and circulated by defendant commission erroneously conveyed the impression that the private land was already under public control. As a result of this impression, there was a sizeable increase in trespassing and vandalism by the visitors thereby attracted. Plaintiff corporation and the constituent members sought injunctive relief and sought to have the contemplated development of the park terminated. The trial court granted injunctive relief to insure that defendants would take all steps necessary to allow plaintiffs to peacefully enjoy their properties; however the court did not grant the plaintiffs' claims that the park project should be terminated or the claim that they had been deprived of their property without compensation. From the adverse rulings, plaintiffs appeal.

Plaintiffs have raised a number of questions involving the statutory basis upon which the actions of the commission, in undertaking the park project, is ostensively predicated. These arguments are so lacking in merit that they need not be discussed here. The crux of the argument below, and the only question of merit here, is whether the plaintiff property owners have suffered a loss, because of the actions of defendants, without receiving compensation therefor as required by law.

The evidence, as would be expected, was far from uniform. Some witnesses claim that values were decreasing, and that this would continue because of the crowds visiting the area, the lack of home con-

struction, the threat of future condemnation, and the difficulty of securing building permits. On the other hand, evidence was furnished that new houses were being built, owners had suffered no losses, and, in fact, they have the advantage of the park and lake, just as does the general public.

Would the plaintiffs be entitled to compensation even though the evidence offered by them was entirely true and correct?

Counsel have provided this Court with no cases from Michigan on this subject. However, the uniqueness of the issue leads us to an analysis of the decisions from other jurisdictions which have faced a similar question.

We find, generally speaking, that damages may be awarded if there is direct and consequential injury resulting from the public improvement, especially when that injury complained of applies to one property as opposed to that suffered from the whole community. See 11 Words and Phrases, Damages to Property, pp 64–72.

A case of considerable interest and frequently quoted is one in which the owner claimed damages because of the fact that his property was located in close proximity to a cemetery. The Court in *City of Winchester* v *Ring,* 312 Ill 544, 552–553; 144 NE 333, 336 (1924), stated:

"The injury complained of must be actual, susceptible of proof, and capable of being approximately measured, and must not be speculative, remote, prospective, or contingent. To warrant a recovery the damage must be different in kind from that sustained by the people of the whole neighborhood. If it differs only in degree from that suffered in common by the people of the neighborhood, the injury is not within the provision of the Constitution.

\* \* \*

"The right to damages, as we have seen, must be based on the ground that a right of property has been disturbed, and cannot be awarded for an injury to the convenience or feelings of the owner."

Further elucidation on this point can be found in 26 Am Jur 2d, Eminent Domain, § 163, pp 834–835:

"Moreover, it is generally agreed that the damage clause of the state constitutions has no application to the depreciation of the market value of a parcel of land caused by the establishment of some public building or other public undertaking in close proximity thereto, when there is no physical injury to the property or impairment of any right appurtenant thereto, and the public use is not of such a character as would have constituted a nuisance at common law and given rise to an action by an adjoining owner in the absence of statutory protection."

This authority further states that the above rule has been applied to the establishment of a cemetery, fire engine house, water tower, jail, hospital, school and playground.

An additional claim of the plaintiffs is that the threat or talk of possible future condemnation proceedings lowered the property values and that the damages therefor should be determined by a jury. The trial court correctly held that the services of such a body could be employed if and when any such actions should be undertaken. This assertion pales further into insignificance when the rule is applied as found in 29A CJS, Eminent Domain, § 135, p 537:

"The promulgation and publicizing of plans do not constitute a taking of the property even though such publicity hinders a sale of the property."

We have carefully reviewed the record, briefs, and oral arguments of counsel and conclude that neither

the issues herein discussed nor the other issues raised provide meritorious grounds for reversal. This Court has repeatedly held that it will not substitute its judgment for that of the trial court sitting without a jury unless the conclusions are clearly erroneous. Such is not the case here. GCR 1963, 517.1 as amended; *Jinkner v Town & Country Lanes, Inc*, 10 Mich App 596 (1968).

Affirmed. No costs allowed.

All concurred.