CITY OF DETROIT v SHERMAN

1. Appeal and Error—New Trial—Jury Confusion—Complexity of Proceedings—Failure to Seek Severance.

A motion by certain defendants in a land condemnation proceeding for a new trial based on a claim that the jury was confused by the complexity and length of the proceeding which involved numerous defendants was properly denied where the moving defendants had ample time to seek a severance prior to the trial but failed to do so.

2. Eminent Domain—Condemnation Proceedings—Value—Tax Assessment Valuation—Evidence—Jury.

A tax assessment value may not be dispositive of a jury's own determination in a land condemnation proceeding where there is no showing as to the precise date of the assessed valuation; however, such assessed value may be considered along with all other evidence presented.

3. Eminent Domain—Condemnation Proceedings—Value—Evidence—Date of Taking.

Evidence relating to the value of property shall be liberally received; therefore, where the date of taking established by a jury in a land condemnation proceeding is one not propounded by either party nor one for which a specific value has been set, it is entirely proper for the jury to consider any estimates of value made reasonably close to the ultimately determined date of taking.

4. Eminent Domain—Appeal and Error—Condemnation Proceedings—Verdict—Support by the Evidence.

It is not within the province of a court on appeal of a condemnation proceeding to review questions of fact further than to see that the verdict is supported by the evidence.

References for Points in Headnotes
[1] 27 Am Jur 2d, Eminent Domain §§ 448, 468.
[2, 3] 27 Am Jur 2d, Eminent Domain §§ 266–268, 441.
[4, 5] 27 Am Jur 2d, Eminent Domain §§ 375–381.

5. EMINENT DOMAIN—APPEAL AND ERROR—CONDEMNATION PROCEED-
   INGS—CONDEMNATION AWARD—MAXIMUM AND MINIMUM AP-
   PRAISALS.
   An appellate court should not disturb a condemnation award
   which is within the maximum and minimum appraisals pre-
   sented by the witnesses.

Appeal from Recorder's Court of Detroit, Elza H. Papp, J. Submitted February 3, 1976, at Detroit. (Docket No. 16800.) Decided April 6, 1976.

Complaint by the City of Detroit against Albert Sherman, Pearl Sherman, Edward Sherman, Esther Sherman, Jack Sherman and Dorothy Sherman, David Smith, Ilene Smith, Lillian Smith, Abraham J. Smith and Rose Smith and Ruth M. Burke seeking the condemnation of certain parcels of land for public purposes. An order entered confirming the compensation awarded by the jury. Defendants appeal. Affirmed.

*Kermit G. Bailer,* Corporation Counsel and *Boris K. Yakima,* Assistant Corporation Counsel, for plaintiff.

*Mason & Steinhardt,* for defendants.

Before: BASHARA, P. J., and N. J. KAUFMAN and D. F. WALSH, JJ.

PER CURIAM. This is an appeal from a condemnation award by a Detroit Recorder's Court jury. On May 25, 1972, plaintiff, City of Detroit, filed a complaint seeking condemnation for public purposes of approximately 41 (separately owned) parcels of land. Proceedings were initiated pursuant to 1945 PA 344, MCLA 125.71 *et seq;* MSA 5.3501 *et seq.,* in conjunction with Detroit Charter, Title 8, ch 1, *et seq.* The 41 parcels were reduced to 20 before trial. A jury trial was held on January 5,

1973. The jury found the date of taking on the two parcels involved in this appeal to have been January 2, 1972, and awarded compensation to appellants in the amount of $16,525.78 for parcel 5-C and $14,511.79 for parcel 125-A. Appellants' motion for a new trial was denied on March 9, 1973, and the verdict of the jury was confirmed.

Appellants assert three claims of error on appeal. First, they claim that the trial court committed reversible error in denying their motion for a new trial. Appellants based this motion on a claim that the jury was confused by the complexity and length of the proceeding, which took over a month to complete and which involved 20 other contested parcels, diverse theories of damages and different witnesses for each party. Appellants had ample time to seek a severance prior to trial. A motion should have been made at or soon after the September 13, 1972, pre-trial conference. As this Court recently held in *Detroit v Weber,* 62 Mich App 565; 233 NW2d 653 (1975), neither this Court nor a trial court shall countenance such a delay when the movants had sufficient opportunity to ascertain what theories would be advanced and to move for a severance while one is still feasible.

Second, appellants contend that reversible error occurred when the jury considered an evaluation by plaintiff's appraiser which was made two months after the date on which the jury decided the taking had occurred. The only testimony at trial was that of Edward Stanley, the city's appraiser, and both sides stipulated that Mr. Stanley was fully qualified to testify as an expert witness. He appraised parcel 5-C at $9,800 and parcel 125-A at $13,300 as of March 1, 1972. However, the jury later returned a special verdict that the date of taking was January 2, 1972. The only testimony

by either side relating to the appraised value on or before January 2, 1972, was the city's assessed valuation of the property. As to parcel 5-C, the high figure as tax assessment was $65,334 and as to parcel 125-A, $48,906. The parties stipulated that the buildings had deteriorated and had been vandalized after they had been vacated in preparation for condemnation. The ultimate jury verdict was within the range of the parties' estimates.

Appellants rely on *In re Medical Center Rehabilitation Project,* 50 Mich App 164; 212 NW2d 780 (1973). In *Barak,* the condemnee claimed a specific date of taking and introduced evidence of value as of that specific date, $18,200. The jury returned a special verdict which adopted the condemnee's date of taking but also returned a general verdict which set the award at $10,335, a figure other than the only estimate introduced for that date. This Court held that this combination of general and special verdict was violative of GCR 1963, 514. It remanded for entry of an award in the amount of $18,200, the only value established for the date of taking.

We find *Barak* distinguishable for two reasons. First, the jury in the instant case did not adopt a date of taking propounded by either party. Second, in the instant case, there was no evidence as to the precise property value as of the date of taking. There was no showing as to the precise date of the assessed valuation on which appellants rely. In such a case, the tax assessment value is not dispositive of the jury's own determination of value, but may be considered in connection with all other evidence of value which shall be liberally received. *In re Memorial Hall Site,* 316 Mich 215, 220; 25 NW2d 174 (1946).

Notwithstanding our distinction of *Barak,* appel-

lants argue that a jury should not be permitted to consider evidence of value estimated as of a date later than the date of taking. We find this argument impractical and inconsistent with the general principle that evidence relating to value be liberally received. *In re Memorial Hall Site, supra.* It would be impossible to limit evidence of value presented at trial to dates prior to the date of taking because the date of taking is not yet established.

Where, as here, the date of taking established by the jury is one not propounded by either party nor one for which a specific value has been set, it is entirely proper for the jury to consider any estimates of value made reasonably close to the ultimately determined date of taking. Here, plaintiff's estimate was made two months after the date of taking. The parties stipulated that no changes had occurred during that time period. Indeed, the jury apparently felt that the significant deterioration of the property after the tax assessment was determined may have made the later evaluation by plaintiff's appraiser the more reliable figure.

Appellants' final claim of error is that the jury's award should be reversed because it was rendered in disregard of the evidence. It is not within the province of the court on appeal of condemnation proceedings to review questions of fact further than to see that the verdict is supported by the evidence. *State Highway Commissioner v Schultz,* 370 Mich 78; 120 NW2d 733 (1963). An appellate court should not disturb a condemnation award which was within the maximum and minimum appraisals presented by the witnesses. *Detroit v Yellen,* 28 Mich App 529; 184 NW2d 563 (1970). The instant verdict was within the evidence.

Affirmed. Costs to plaintiff.