### DETROIT BOARD OF EDUCATION v CLARKE

Docket No. 77-4526. Submitted January 3, 1979, at Detroit.—Decided April 16, 1979.

Plaintiff Detroit Board of Education appeals from a jury verdict, Wayne Circuit Court, Patrick J. Duggan, J., awarding defendant Raymond L. Clarke $7,000 for a parcel of land taken in a condemnation proceeding. Defendant was owner of a two-family flat which was valued at $900 by the board of education. At trial defendant testified that threats were made to condemn his property to build a high school and because of this possibility he began to have difficulty retaining tenants. He attributed this to uncertainty as to whether his property would be taken, residents allowing their property to deteriorate and the effect of houses being torn down. Defendant's appraiser evaluated the fair market value prior to the high school condemnation threat at $9,500. This was based on a survey of the area, his knowledge of the neighborhood and city records. He testified that the property had experienced accelerated condemnation blight which had been caused by activities of the board of education. Plaintiff contends that there was not sufficient evidence presented of activities on its part to justify the jury award. *Held:*

1. A diminution in value or partial destruction of property can constitute a taking of private property for public use and this may be accomplished by deliberate acts of the condemning authority.

2. The determination of the date of taking and ascertainment of value is a question of fact for a jury and it is not within the province of the Court of Appeals to review questions of fact other than to ascertain the presence of evidence to support the verdict. A verdict will not be disturbed so long as it is within

References for Points in Headnotes

[1] 26 Am Jur 2d, Eminent Domain §§ 25, 26, 170.
[2] 27 Am Jur 2d, Eminent Domain § 266.
[3, 7] 26 Am Jur 2d, Eminent Domain §§ 131, 152.
[4–6] 26 Am Jur 2d, Eminent Domain §§ 157, 158.
[5, 6] 27 Am Jur 2d, Eminent Domain § 169.
[7] 27 Am Jur 2d, Eminent Domain §§ 408, 506.
[8] 4 Am Jur 2d, Appeal and Error § 2.

the fair range of the testimony. Sufficient facts were elicited at trial to support the jury's award of $7,000 to defendant.

Affirmed.

1. EMINENT DOMAIN — CONDEMNATION — PUBLIC USE — DUE PROCESS — JUST COMPENSATION.

Private property may not be taken for public use without due process and just compensation.

2. EMINENT DOMAIN — CONDEMNATION — PUBLIC USE — JUST COMPENSATION — UNJUST ENRICHMENT.

Just compensation for the taking of private property for public use is that which puts the injured party in the same position as he would have been had the injury not occurred, it should not enrich the individual at public expense nor the public at the individual's expense.

3. EMINENT DOMAIN — CONDEMNATION PROCEEDINGS — TIME OF TAKING — SPECIAL SITUATIONS — GOVERNMENTAL ACTIONS — DE FACTO TAKING.

The value given for condemned land is determined at the time of taking and a taking generally occurs when a verdict is confirmed, the deed executed, and the award paid; however, there are special situations where governmental actions amount to a de facto taking of private property prior to an actual eminent domain proceeding.

4. EMINENT DOMAIN — CONDEMNATION PROCEEDINGS — PRIVATE PROPERTY — TAKING — INVASION OF PROPERTY — DIMINUTION IN VALUE — PARTIAL DESTRUCTION — PROPERTY RIGHTS.

There is no precise formula or specific method for determining what constitutes a taking of private property in condemnation proceedings; the term taking is not construed narrowly; an actual physical invasion of property is not necessary because a diminution in value or partial destruction of the property can constitute a taking; therefore, the issue generally becomes, what activities on the part of the condemning authority can be considered as depriving an owner of his property rights.

5. EMINENT DOMAIN — CONDEMNATION — PRIVATE PROPERTY — PUBLIC USE — REDUCTION IN VALUE.

Private property, which may be condemned for public use, should not be reduced in value by deliberate acts such as a published threat of condemnation, filing of lis pendens, mailing letters and circulars concerning a public project to area residents, refusing to issue building permits for improvements coupled

with intense building violation inspection, reduction in services and piecemeal condemnation and razing.

6. EMINENT DOMAIN — CONDEMNATION — PRIVATE PROPERTY — PUBLIC USE — THREATS OF CONDEMNATION — AFFIRMATIVE ACTION.

Mere promulgation and publicizing of plans is insufficient to constitute a taking of private property for public use in Michigan; threats of condemnation must be coupled with affirmative action such as unreasonable delay or oppressive conduct to the neighborhood as a whole and in determining whether an unlawful taking has occurred, threats of condemnation and any action in furtherance thereof should be considered cumulatively.

7. EMINENT DOMAIN — CONDEMNATION — PRIVATE PROPERTY — PUBLIC USE — DATE OF TAKING — VALUE — JURY QUESTION.

The determination of the date of taking private property for public use and the ascertainment of value is a question for the jury.

8. APPEAL AND ERROR — QUESTIONS OF FACT — VERDICTS — SUPPORT OF THE EVIDENCE.

It is not within the province of the Court of Appeals to review questions of fact other than to ascertain the presence of evidence that can support a verdict and the verdict will not be disturbed so long as it is within the fair range of the testimony.

*Gellert A. Seel, P.C.,* for plaintiff.

*Charles E. Fonville,* for defendant.

Before: N. J. KAUFMAN, P.J., and T. M. BURNS and BASHARA, JJ.

BASHARA, J. Plaintiff appeals from a jury verdict awarding defendant $7,000 for a parcel of land taken in a condemnation proceeding in 1977. Defendant has already been paid the full amount of the jury award. The only issue to merit discussion is the manner in which value should be assigned property in condemnation actions of this nature in the future.

Defendant was the owner of a two-family income flat. Testimony at trial indicated that defendant and other neighborhood residents became aware of the board of education's intention to acquire land for Kettering High School in 1962. An inquiry as to the extent of property to be taken resulted in defendant being shown a general print of proposed construction which included his property.

In 1965, defendant again made inquiries of the board and was told his property could be taken at any time. Some property in the area was acquired at that time.

In 1970, defendant was told that his property was included in an alternate plan but there was no planned date for purchase. In 1972, in response to further inquiries, defendant received a letter indicating that his parcel of land fell outside the area of the designated site.

Defendant began to have difficulty retaining tenants in 1970. He attributed this to uncertainty as to what property would be taken, residents allowing their property to deteriorate and the effect of houses being torn down. Defendant boarded his house up in 1973 and it was demolished soon after.

The property was valued at $900 by the board of education. An appraiser testifying for defendant evaluated the fair market value of the property had the house not been torn down as $9,500. This was based on his survey of the area in 1977, his knowledge of the neighborhood, and city records. He testified that the property had experienced accelerated condemnation blight (distinguished from normal urban blight), and that it had been caused by the activities of the board of education.

Plaintiff contends that there was not sufficient

evidence presented of activities on its part to justify the jury award.

Private property may not be taken for public use without due process of law and just compensation. *Thom v State Highway Comm'r,* 376 Mich 608, 613; 138 NW2d 322 (1965). Just compensation is that which puts the injured party in the same position as he would have been had the injury not occurred. It should not enrich the individual at public expense, nor the public at the individual's expense. The value given for the condemned land is determined at the time of the taking. *State Highway Comm'r v Eilender,* 362 Mich 697, 699; 108 NW2d 755 (1961).

A taking generally occurs when a verdict is confirmed, the deed executed, and the award paid. However, there are special situations where governmental actions amount to a "de facto" taking of private property prior to an actual eminent domain proceeding. *Foster v Detroit,* 254 F Supp 655, 662 (ED Mich, 1966).

The term "taking" is not to be construed in a narrow sense. There need be no actual physical invasion of the property. A diminution in value or partial destruction can constitute a "taking". *Thom, supra,* at 613-614, *Clinton Street Greater Bethlehem Church v Detroit,* 484 F2d 185, 188 (CA 6, 1973).

The issue becomes what activities on the part of the condemning authority can be considered as depriving an owner of his property rights. There is no precise formula or specific method for this determination.

The Michigan Supreme Court has held that a city may not by deliberate acts reduce the value of private property. *In re Urban Renewal, Elmwood*

*Park Project,* 376 Mich 311, 317; 136 NW2d 896 (1965).

Actions found to be deliberate include the filing of lis pendens, the published threat of condemnation, mailing letters and circulars concerning the project to area residents, refusing to issue building permits for improvements coupled with intense building violation inspection, reductions in city services to the area and protracted delay and piecemeal condemnation and razing. *In re Urban Renewal, Elmwood Park, supra, Foster v Detroit, supra, Madison Realty Co v Detroit,* 315 F Supp 367 (ED Mich, 1970).

However, more than mere promulgation and publicizing of plans is needed in Michigan to constitute a taking. Threats must be coupled with affirmative action such as unreasonable delay or oppressive conduct directed to the neighborhood as a whole. *Muskegon v DeVries,* 59 Mich App 415, 419; 229 NW2d 479 (1975), *Holloway Citizens Committee v Genesee County,* 38 Mich App 317, 321; 196 NW2d 484 (1972).[1]

Threats of condemnation and any action in furtherance thereof should be considered cumulatively in determining whether an unlawful taking has occurred. *Ellis v Grand Rapids,* 257 F Supp 564 (WD Mich, 1966). See also *Cleveland v Carcione,* 118 Ohio App 525; 190 NE2d 52 (1963).

The determination of the date of taking and the ascertainment of value is a question of fact for the jury. *Detroit v Sherman,* 68 Mich App 494, 498;

---

[1] The United States Supreme Court has not yet adopted a definitive stance on the time and manner of awarding just compensation when precondemnation delay is involved. However, the Court held in *United States v Virginia Electric & Power Co,* 365 US 624; 81 S Ct 784; 5 L Ed 2d 838 (1961), that the Court must exclude any depreciation in value caused by the prospective taking once the government "was committed" to the project. The opinion seemed to indicate that mere threats could in fact depreciate property values.

242 NW2d 818 (1976), *In re Urban Renewal, Elmwood Park, supra,* at 318.

It is not within the province of this Court to review questions of fact other than to ascertain the presence of evidence that can support the verdict. A verdict will not be disturbed so long as it is within the fair range of the testimony. *Detroit v Sherman, supra, St Clair Shores v Conley,* 350 Mich 458, 463-4; 86 NW2d 271 (1957). In this case, sufficient facts were elicited to support the jury's award.

Affirmed, costs to defendant.